**In re Patricia A. DWYER, Debtor.**

**Vincent J. Duffy, Appellant,**

v.

**Patricia A. Dwyer, Appellee.**

**BAP No. CC–03–1242–KBOB.**

**Bankruptcy No. SV 02–17770–AG.**

**Adversary No. SV 02–02266–AG.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 22, 2003.

Filed Nov. 21, 2003.

Bruce Adelstein, Law Office of Bruce Adelstein, Los Angeles, CA, for Vincent J. Duffy.

Jennifer L. Nassiri, Greenberg & Bass, Encino, CA, for Patricia A. Dwyer.

Before: KLEIN, BOWIE,[1] and BRANDT, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

A nondischargeability adversary proceeding was dismissed as untimely filed. We REVERSE and publish to call attention to the status of the day after Thanksgiving as a California holiday that qualifies as a "legal holiday" under Federal Rule of Bankruptcy Procedure 9006(a), which mirrors Federal Rule of Civil Procedure 6(a) and Federal Rule of Appellate Procedure 26(a)(4).

## FACTS

Appellee, Patricia Dwyer ("Dwyer"), filed a voluntary chapter 7 bankruptcy petition on August 29, 2002.

1. Hon. Peter W. Bowie, Bankruptcy Judge for the Southern District of California, sitting by

The deadline prescribed by Federal Rule of Bankruptcy Procedure 4007(c) for filing complaints to determine the dischargeability of debts encompassed by 11 U.S.C. § 523(c) was November 29, 2002, which was the day after Thanksgiving.

Appellant Vincent Duffy, Dwyer's former spouse, commenced an adversary proceeding by filing a complaint on December 2, 2002, which was the Monday following Thanksgiving. He pled counts under 11 U.S.C. §§ 523(a)(4), (a)(5), (a)(6), and (a)(15) that were designed to preserve a state matrimonial court judgment in excess of $200,000 and spousal support of $750/month.

Duffy's counsel had, on Wednesday, November 27, 2002, entrusted the complaint to his messenger service, expecting it to be filed that day. The messenger service did not file it that day and then closed its office until the following Monday.

Dwyer moved to dismiss the complaint as untimely, contending that it should have been filed on November 29, 2002.

As argued, the contest over dismissal focused on four theories. First, Duffy argued that Thanksgiving Friday is a holiday under California Code of Civil Procedure § 135 that qualifies for automatic extension of time under Rule 9006(a).

Second, Duffy contended that the filing was timely because the clerk's office was "inaccessible" due to the court's published notice that "emergency matters only will be handled by the clerk's office on: Friday, November 29, 2002."

Third, Duffy asserted that the combination of timely delivery of the complaint to the messenger and the ambiguous notice designation.

from the court warranted a finding of excusable neglect.

Finally, Duffy pointed out that, in any event, § 523(c) does not affect § 523(a)(5) spousal support dischargeability issues, and, hence, the Rule 4007(c) limitation does not apply.

The bankruptcy court ruled that Thanksgiving Friday is not a holiday under Rule 9006(a), relying on an unpublished Ninth Circuit decision holding that Thanksgiving Friday is not " 'declared a holiday' by California Government Code § 19853."

The bankruptcy court also ruled the clerk's office was not inaccessible, that there was no excusable neglect, and that § 523(a)(5) is subject to the Rule 4007(c) limitations period.

The bankruptcy court dismissed the complaint "with prejudice, in its entirety" but ordered Dwyer to keep paying spousal support pending disposition of the appeal.

This timely appeal ensued.

## JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158(a)(1).

## ISSUE

Whether the day after Thanksgiving is an "other day appointed as a holiday" by the State of California within the meaning of Federal Rule of Bankruptcy Procedure 9006(a).

**2.** § 523(c)(1):

(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court

## STANDARD OF REVIEW

■ We review questions regarding construction of the Bankruptcy Code and applicable rules of procedure de novo: *Gonzalez v. Munoz (In re Munoz)*, 287 B.R. 546, 550 (9th Cir. BAP 2002).

## DISCUSSION

■ Although several theories are urged upon us, our resolution of the status of Thanksgiving Friday as a state holiday for purposes of the automatic "legal holiday" extension afforded by Rule 9006(a) and Civil Rule 6(a) is dispositive.

### I

The limitations period in question is fixed by Federal Rule of Bankruptcy Procedure 4007(c) rather than statute.

### A

Debts described by Bankruptcy Code §§ 523(a)(2), (a)(4), (a)(6), and (a)(15) are discharged unless the court determines that they are excepted from discharge. 11 U.S.C. § 523(c).[2] These so-called "§ 523(c) debts," unlike other nondischargeable debts, must be the subject of actual bankruptcy litigation.

Congress left the deadline for filing the action required by § 523(c) to be established by rule. Thus, Rule 4007(c) requires that an action regarding § 523(c) debts be filed within 60 days after the first date set for the meeting of creditors under § 341 except in chapter 13 cases. Fed. R. Bankr.P. 4007(c).[3]

determines such debt to be excepted from discharge under paragraph (2), (4), (6), and (15), as the case may be, of subsection (a) of this section.

11 U.S.C. § 523(c)(1).

**3.** Rule 4007(c):

The computation of the expiration of the period for filing a dischargeability action under § 523(c) and Rule 4007(c) is governed by Rule 9006(a), which was cloned from Civil Rule 6(a) and provides that when the last day falls on a Saturday, Sunday, legal holiday, or a day on which weather or other conditions make the clerk's office inaccessible, then the period expires at the end of the next working day. *Compare* Fed. R. Bankr.P. 9006(a),[4] *with* Fed.R.Civ.P. 6(a);[5] *accord,* Fed. R.App. P. 26(a)(4).

■ The Supreme Court requires that Bankruptcy Rule 9006(a) and Civil Rule 6(a) be construed in light of a policy of liberality and leniency. *Union Nat'l Bank v. Lamb,* 337 U.S. 38, 41, 69 S.Ct. 911, 93 L.Ed. 1190 (1949) (F.R.Civ. P. 6(a)).[6] Hence, Rule 9006(a) has been described as intended to protect parties from a forfeiture of rights. *Chapman Inv. Assocs. v.*

---

(c) Time for Filing Complaint Under § 523(c) in a Chapter 7 Liquidation, Chapter 11 Reorganization, or Chapter 12 Family Farmer's Debt Adjustment Case; Notice of Time Fixed. A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired. Fed. R. Bankr.P. 4007(c).

4. Rule 9006(a):

(a) Computation. In computing any period of time prescribed or allowed by these rules, or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a *legal holiday,* or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 5001(c), *"legal holiday" includes* New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and *any other day appointed as a holiday by* the President or the Congress of the United States, or *by the state in which the court is held.*
Fed. R. Bankr.P. 9006(a) (emphasis added).

5. Civil Rule 6(a):

(a) Computation. In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a *legal holiday,* or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), *"legal holiday" includes* New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and *any other day appointed as a holiday by* the President or the Congress of the United States, or *by the state in which the district court is held.*
Fed.R.Civ.P. 6(a) (emphasis added).

6. Fed. R. Bankr.P. 9006(a) and Fed. R.App. P. 26(a) are each modeled on Rule 6(a). Decisions interpreting Rules 6(a), 9006(a), and 26(a) are mutually informative.

*Am. Healthcare Mgmt., Inc. (In re Am. Healthcare Mgmt., Inc.)*, 900 F.2d 827, 831–32 (5th Cir.1990). Close cases are resolved in favor of reaching the merits of disputes.

The pertinent operative language common to the rules is:

"legal holiday" includes any day appointed as a holiday by the state in which the court is held.

Fed. R. Bankr.P. 9006(a); Fed.R.Civ.P. 6(a); Fed. R.App. P. 26(a)(4) (elisions omitted).[7]

The question thus becomes whether the day after Thanksgiving is appointed as a holiday by the State of California.

### B

California Code of Civil Procedure § 135 provides that: "The day after Thanksgiving Day is a judicial holiday." Cal.Code Civ. Proc. § 135.[8]

The effect of a "judicial holiday" on court operations is spelled out in California Code of Civil Procedure § 134.[9]

The courts are officially closed, but a court may choose to be open and transact

---

**7.** The word "district" modifies "court" in Civil Rule 6(a). Appellate Rule 26(a)(4) uses "means" instead of "includes" and incorporates the holidays of the state of the trial court and of the state of the principal office of the circuit clerk.

**8.** § 135. *Judicial holidays; alternate day of observance from Saturday or Sunday*

Every full day designated as a holiday by Section 6700 of the Government Code, including that Thursday of November declared by the President to be Thanksgiving Day, is a judicial holiday, except September 9, known as "Admission Day," and any other day appointed by the President, but not by the Governor, for a public fast, thanksgiving, or holiday. If a judicial holiday falls on a Saturday or a Sunday, the Judicial Council may designated an alternative day for observance of the holiday. Every Saturday and *the day after Thanksgiving Day is a judicial holiday.* Officers and employees of the courts shall observe only the judicial holidays established pursuant to this section.

Cal.Code Civ. Proc. § 135. The sentence with the phrase "including that Thursday of November declared by the President to be Thanksgiving" was added in 1986. 1986 Cal. Stat. c. 1398. The word "Day" was inserted in 1992. 1992 Cal. Stat. c. 460.

**9.** § 134. *Court closure on judicial holidays; exceptions*

(a) Except as provided in subdivision (c), the courts shall be closed for the transac-

tion of judicial business on judicial holidays for all but the following purposes:

(1) To give, upon their request, instructions to a jury when deliberating on their verdict.

(2) To receive a verdict or discharge a jury.

(3) For the conduct of arraignments and the exercise of the powers of a magistrate in a criminal action, or in a proceeding of a criminal nature.

(4) For the conduct of Saturday small claims court session pursuant to the Small Claims Act set for in Chapter 5.5 (commencing with Section 116.110).

(b) Injunctions and writs of prohibition may be issued and served on any day.

(c) In any superior or municipal court, one or more departments of the court may remain open and in session for the transaction of any business that may come before the department in the exercise of the civil or criminal jurisdiction of the court, or both, on a judicial holiday or at any hours of the day or night, or both, as the judges of the court prescribe.

(d) The fact that a court is open on a judicial holiday shall not make that day a nonholiday for purposes of computing the time required for the conduct of any proceeding or for the performance of any act. Any paper lodged with the court at a time when the court is open pursuant to subdivision (c), shall be filed by the court on the next day that is not a judicial holiday, if the document meets appropriate criteria for filing.

judicial business on a judicial holiday. Any papers "lodged" with a court (even if open) on a judicial holiday are not to be "filed" until the next day that is not a judicial holiday. Cal.Code Civ. Proc. § 134(d).

Deadlines that end on judicial holidays designated in § 135 are automatically extended to the next day that is not a holiday. Cal.Code Civ. Proc. § 12a(a);[10] *id.* § 12.[11] This includes California statutes of limitations that expire on judicial holidays. *DeLeon v. Bay Area Rapid Transit Dist.*, 33 Cal.3d 456, 460–61, 189 Cal.Rptr. 181, 658 P.2d 108 (1983).

Moreover, the terms "holiday" and "judicial holiday" are formally equated by California Code of Civil Procedure § 10. Cal.Code Civ. Proc. § 10.[12]

In short, the California legal system is inured to the propositions that the day after Thanksgiving is a holiday on which no deadlines, including statutes of limitations, expire and that everybody can safely relax on that account.

■ The federal computation-of-time scheme embodied in Bankruptcy Rule 9006(a), Civil Rule 6(a), and Appellate Rule 26(a)(4) is designed to harmonize the federal rules with state procedure in order to eliminate traps for the unwary that result from treating a day differently as between a state's federal and state courts. The day after Thanksgiving is appointed as a holiday under California statute for every purpose pertinent to the federal rules on computation of time and must be treated as such by California federal courts.

The Tenth Circuit's analysis reaching a contrary result in *Cascade Oil* actually supports our view. There, the Chief Justice of Kansas ordered all state courts to close on the day after Thanksgiving. The Tenth Circuit held that the administrative order did not make that day a "legal holiday" for purposes of Appellate Rule 26(a) because it was not an act of the Kansas state legislature. *Official Creditors' Comm. v. Crooker (In re Cascade Oil Co.)*, 848 F.2d 1062, 1064 (10th Cir.1988).

We implicitly agreed with the Tenth Circuit in a case involving an untimely proof of claim where the bankruptcy clerk's office remained open and accessible following the Northridge magnitude 6.7 earthquake despite state emergency administrative orders that permitted late filing in state courts. *Dicker v. Dye (In re Edelman)*, 237 B.R. 146, 151 n. 6 & 153 (9th Cir. BAP 1999).

Here, the fact that the California legislature enacted the California Code of Civil Procedure making the day after Thanksgiving a holiday makes all the difference.

---

Cal.Code Civ. Proc. § 134.

**10.** § 12a. *Computation of time; holidays; application of section*

(a) If the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day which is not a holiday. For purposes of this section, "holiday" means all day on Saturdays, all holidays specified in Section 135 and, to the extent provided in Section 12b [relating to days of actual closure], all days which by terms of Section 12b are required to be considered as holidays.

Cal.Code Civ. Proc. § 12a.

**11.** § 12. *Computation of time*

Computation of time. The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is excluded.

Cal.Code Civ. Proc. § 12.

**12.** § 10. *Holidays*

Holidays within the meaning of this code [of procedure] are every Sunday and any other days that are specified or provided for as judicial holidays in Section 135.

Accordingly, we hold that Duffy's complaint was timely because California Code of Civil Procedure §§ 10, 12, 12a, 134, and 135 operate to make the day after Thanksgiving a "day appointed as a holiday … by the state in which the court is held" within the meaning of Bankruptcy Rule 9006(a).

As the complaint was timely, we need not consider whether the clerk's office was inaccessible, whether any neglect was excusable, and whether we should correct the plain error inherent in dismissing with prejudice the count under § 523(a)(5), to which § 523(c) does not apply.

## II

Nor does the unpublished Ninth Circuit memorandum decision upon which the bankruptcy court relied as binding precedent compel a different result. It is neither binding nor precedent.

Specifically, the court treated as published and binding a Ninth Circuit decision that rejects a contention that California Government Code § 19853 (regarding employment policy for state employees) makes the day after Thanksgiving a holiday and that does not address the "judicial holiday" provisions of the Code of Civil Procedure § 135 upon which we rely.

The mere appearance of a memorandum decision in *Federal Appendix,* Westlaw, or some other medium accessible to the public does not does not make it either published or binding in the face of a contrary Ninth Circuit rule. Indeed, the first footnote in that decision states that it is not published and not eligible for citation.[13] Moreover, Westlaw cautions: "Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36–3.)"

Ninth Circuit Rule 36–3 provides that unpublished dispositions are not binding precedent, except when relevant under the doctrines of preclusion. 9th Cir. Rule 36–3(a).[14] Moreover, they may not be cited to the Ninth Circuit or by the courts of the circuit except when relevant under the doctrine of law of the case, res judicata, or

---

Cal.Code Civ. Proc. § 10.

**13.** That footnote reads: "This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3."

**14.** Circuit Rule 36–3. *Citation of Unpublished Dispositions or Orders*

(a) Not Precedent. Unpublished dispositions and orders of this Court are not binding precedent, except when relevant under the doctrine of law of the case, res judicata, and collateral estoppel.

(b) Citation. Unpublished dispositions and orders of this Court may not be cited to or by the courts of this circuit, except in the following circumstances.

(i) They may be cited to this Court or to or by any other court in this circuit when relevant under the doctrine of law of the case, res judicata, or collateral estoppel.

(ii) They may be cited to this Court or to or by any other court in this circuit for factual purposes, such as to show double jeopardy, sanctionable conduct, notice, entitlement to attorney's fees, or the existence of a related case.

(iii) They may be cited to this Court in a request to publish a disposition or order made pursuant to Circuit Rule 36–4, or in a petition for panel rehearing or rehearing en banc, in order to demonstrate the existence of a conflict among opinions, dispositions, or orders.

(c) Attach Copy. A copy of any cited unpublished disposition or order must be attached to the document in which it is cited, as an appendix.
9th Cir. Rule 36–3; *accord,* 9th Cir. BAP R. 8013–1(c) ("Unpublished memoranda and orders have no precedential value and may not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.").

collateral estoppel, or for factual purposes, or in a request to publish or for rehearing in order to demonstrate the existence of a conflict. *Id.* 36–3(b).

Although unpublished Ninth Circuit decisions are valuable research tools, the bankruptcy court should not have cited the unpublished decision (which, in obedience to Rule 36–3, we do not cite) and should not have treated it as binding precedent. That decision is entitled to the respect warranted by its source and by any persuasive value in its reasoning but does not bind trial courts or future panels of the Ninth Circuit. To the extent the unpublished decision in question cannot be distinguished on the basis that it does not address the statutes on which we rely, it is (with all respect) not persuasive.

## CONCLUSION

The bankruptcy court erred in dismissing the adversary proceeding. Because the Friday after Thanksgiving is appointed as a holiday by the state in which the court is held and, hence, constitutes a "legal holiday" within the meaning of Rule 9006(a), the complaint was timely filed on the following Monday.

We REVERSE and REMAND for further proceedings consistent with this decision.