**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: PATRICIA A. DWYER,

*Debtor.*

_____

PATRICIA A. DWYER,

*Appellant,*

v.

VINCENT J. DUFFY,

*Appellee.*

No. 04-55044

B.A.P. No.
CC-03-01242-KBoB

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brandt, Bowie, and Klein, Bankruptcy Judges, Presiding

Argued and Submitted
September 14, 2005—Pasadena, California

Filed October 13, 2005

Before: Susan P. Graber and William A. Fletcher,
Circuit Judges, and Jeremy D. Fogel,* District Judge.

Opinion by Judge Graber

*The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

## COUNSEL

Don E. Lanson, Greenberg & Bass, Encino, California, for the appellant.

Bruce Adelstein, Law Office of Bruce Adelstein, Los Angeles, California, for the appellee.

## OPINION

GRABER, Circuit Judge:

The Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") held that the Friday after Thanksgiving is a "legal holiday" in California, within the meaning of Rule 9006 of the Federal Rules of Bankruptcy Procedure. On de novo review, *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002), we agree and, accordingly, affirm.

Appellant Patricia Dwyer filed for bankruptcy in the United States Bankruptcy Court for the Central District of California. The bankruptcy court sent out a Notice of Chapter 7 Bankruptcy to Dwyer's creditors and other interested parties. The Notice listed various deadlines, including the last date on

which a complaint objecting to the bankruptcy could be filed, which was given as November 29, 2002, the Friday after Thanksgiving.

Appellee Vincent Duffy, who is Dwyer's former husband, filed an objection to the bankruptcy on December 2, 2002, which fell on the Monday following Thanksgiving—three days after the deadline given in the Notice. Dwyer moved to dismiss the complaint as untimely. The bankruptcy court granted the motion, concluding that the day after Thanksgiving is not a "legal holiday" that extends the time for filing until the following Monday. Duffy appealed, and the BAP reversed, holding that Duffy's complaint was filed on time. *Duffy v. Dwyer (In re Dwyer)*, 303 B.R. 437 (B.A.P. 9th Cir. 2003). The question reaches us on Dwyer's timely appeal from the BAP's decision.

[1] The Federal Rules of Bankruptcy Procedure require that a party file an adversary complaint to a bankruptcy proceeding within 60 days of the meeting of creditors. Fed. R. Bankr. P. 4004(a).[1] That 60-day period is extended to the next business day if the filing deadline falls on a "legal holiday." Fed. R. Bankr. P. 9006(a).[2] Rule 9006 lists certain days as "legal

---

[1] The statute provides in pertinent part:

> In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

Fed. R. Bankr. P. 4004(a).

[2] The statute provides in pertinent part:

> In computing any period of time prescribed or allowed by these rules . . . , the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or *a legal holiday*, or, when the act to be done is the filing of a paper in court, a day on which the weather or other conditions have made the clerk's office inaccessible, *in which event the period runs until the end of the next day which is not one of the aforementioned days*.

Fed. R. Bankr. P. 9006(a) (emphasis added).

holidays," including Thanksgiving Day but not including the day after Thanksgiving. *Id.* Rule 9006 goes on to define "legal holiday," however, as "any other day *appointed as a holiday . . . by the state* in which the court is held." *Id.* (emphasis added).

**[2]** The California Government Code lists various holidays that the state recognizes. Cal. Gov't Code § 6700. Thanksgiving is on the list, but the day after Thanksgiving is not mentioned. *Id.* § 6700(o). Nevertheless, section 6700 is neither exclusive nor exhaustive with respect to holidays recognized by California courts. The California Civil Procedure Code appoints, in addition to the state holidays listed in section 6700, certain "judicial holidays." Cal. Civ. Proc. Code § 135. Section 135 of the California Civil Procedure Code specifies that the day after Thanksgiving is just such a judicial holiday. *Id.*[3]

Our inquiry focuses on those days that the California *courts* recognize as "holidays" because the purpose of Bankruptcy Rule 9006(a) is to provide procedural uniformity among all the courts within a particular state. *See* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1162, at 503 n.15 (3d ed. 2002) (noting that the purpose behind Rule 6 of the Federal Rules of Civil Procedure, after which Bankruptcy Rule 9006 was modeled and which contains identical text regarding legal holidays, is statewide procedural uniformity among courts). Rule 9006 allows lawyers

---

[3]The pertinent text of the statute reads:

> Every full day designated as a holiday by Section 6700 of the Government Code, including that Thursday of November declared by the President to be Thanksgiving Day, is a judicial holiday, except September 9, known as "Admission Day," and any other day appointed by the President, but not by the Governor, for a public fast, thanksgiving, or holiday. . . . Every Saturday and *the day after Thanksgiving Day is a judicial holiday.*

Cal. Civ. Proc. Code § 135 (emphasis added).

and litigants within a state to rely on one legal calendar in calculating deadlines, regardless of the court in which the case is filed, thereby preventing procedural pitfalls for those accustomed to the state-court system. In keeping with that purpose, Rule 9006 requires only that the day in question be "appointed as a holiday"—not necessarily as a "legal holiday"—by the state in which the bankruptcy court is located.

**[3]** For the California courts' purposes, the terms "holiday" and "judicial holiday" are interchangeable. Section 135 of the California Civil Procedure Code states that the term "judicial holiday" encompasses the "holidays" listed in section 6700, with a few exceptions that are not relevant here. *See* Cal. Civ. Proc. Code § 135 (stating that "[e]very full day designated as a holiday by Section 6700 . . . is a judicial holiday"). And the California Civil Procedure Code defines "holidays" as any "judicial holidays." Cal. Civ. Proc. Code § 10.

**[4]** California courts treat judicial holidays exactly as they do the state holidays listed in section 6700. The state courts are generally closed on judicial holidays. *See* Cal. Civ. Proc. Code § 134(a) (providing that "the courts shall be closed for the transaction of judicial business on judicial holidays" but providing for a few exceptions). Even if a court remains open, which it may do at its discretion for various reasons, the judicial holiday still does not count for purposes of calculating deadlines. *Id.* § 134(d).[4] Additionally, documents that are lodged with the clerk's office on a judicial holiday will not be filed until the next business day. *Id.* For that reason, a docu-

---

[4]The applicable text of the statute provides:

> The fact that a court is open on a judicial holiday *shall not make that day a nonholiday* for purposes of computing the time required for the conduct of any proceeding nor for the performance of any act. Any paper lodged with the court at a time when the court is open [on a judicial holiday], shall be filed by the court on the next day that is not a judicial holiday . . . .

Cal. Civ. Proc. Code § 134(d) (emphasis added).

ment presented to a California court on the day after Thanksgiving will not be filed until the following Monday. In short, the California courts treat the state holidays recognized in Government Code section 6700 the same as the judicial holidays provided for in Civil Procedure Code section 135. We therefore hold that the day after Thanksgiving, which is a "judicial holiday" under the latter section, is "appointed as a holiday" by California and thus is a "legal holiday" under Bankruptcy Rule 9006 for California practitioners.

AFFIRMED.