**NOT FOR PUBLICATION**



FILED

JUN 01 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   AZ-15-1195-KuJaJu |
| LMM SPORTS MANAGEMENT, LLC; ETHAN LOCK; ERIC D. METZ, | Bk. No.   2-14-bk-13952-DPC |
| Debtors. | |

| | |
|---|---|
| WARNER ANGLE HALLAM JACKSON & FORMANEK, P.L.C., | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| ETHAN LOCK; ERIC D. METZ, | |
| Appellees. | |

Argued and Submitted on May 20, 2016
at Phoenix, Arizona

Filed – June 1, 2016

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Daniel P. Collins, Chief Bankruptcy Judge, Presiding

Appearances:   Mark C. Hudson of Schian Walker, P.L.C. argued for appellant Warner Angle Hallam Jackson & Formanek, P.L.C.; Janel Glynn of Gallagher & Kennedy, P.A. argued for Appellees Ethan Lock and Eric D. Metz.

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Before: KURTZ, JAIME[**] and JURY, Bankruptcy Judges.

**INTRODUCTION**

In two of these three chapter 11[1] bankruptcy cases, appellant Warner Angle Hallam Jackson & Formanek, P.L.C., filed proofs of claim two months after the claims bar date set by the bankruptcy court. The bankruptcy court denied Warner Angle's excusable neglect motion under Rule 9006(b)(1) seeking to have the proofs of claim treated as timely filed and disallowed the claims as untimely under § 502(b)(9). The bankruptcy court also denied Warner Angle's motion for reconsideration. All of the bankruptcy court's rulings hinged on its finding that the debtors were prejudiced by Warner Angle's delay in filing its proofs of claim.

On appeal, Warner Angle contends that the bankruptcy court's finding of prejudice was clearly erroneous. Alternately, Warner Angle contends that we should fashion an equitable exception to Rule 3003(c)(2)'s claim filing requirement and should apply that equitable exception to its claims. Because Warner Angle's contentions lack merit, we AFFIRM.

**FACTS**

Debtors Ethan Lock and Eric D. Metz are two of the three owners of debtor LMM Sports Management, LLC. The third owner is

---

[**]Hon. Christopher D. Jaime, United States Bankruptcy Judge for the Eastern District of California, sitting by designation.

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

non-debtor Vance Malinovic. Together, Lock, Metz and Malinovic are sports managers and agents for roughly 30 athletes employed by the National Football League. Through LMM Sports Management, and formerly through its predecessor, Lock, Metz, and Malinovic provided their sports management and agency services. Appellant Warner Angle provided legal services to one or more of the debtors in their state court litigation against third party Your Source Pacific Fund I, LLP. Warner Angle claims that it still is owed attorney's fees and interest for the services it rendered.

In the Maricopa County Superior Court, Your Source Pacific Fund I, LLP, obtained a $2.4 million judgment against the debtors and Malinovic. Enforcement of the state court judgment ultimately caused the three debtors to file their chapter 11 bankruptcy petitions.

The judgment was the subject of state court cross-appeals until the parties reached a consensual resolution of their dispute, which was approved by the bankruptcy court. In their motion for approval of the settlement, filed in January 2015, the debtors explained that Your Source Pacific Fund I was willing to accept an immediate lump sum settlement payment of $1.5 million in full satisfaction of its $2.4 million judgment, which had the potential to more than double if Your Source Pacific Fund I prevailed on appeal.

The bankruptcy court approved the settlement over Warner Angle's objection. For purposes of this appeal, the only important part of the objection was set forth in a footnote, in which Warner Angle stated: "Warner Angle asserts that, as of the Petition Date, its claim, with interest, is $1,301,055.86 (plus

3

accruing interest). **The Court has not set a claims bar date and Warner Angle has not yet filed a proof of claim.**" Objection to Motion for Order Approving Settlement (Feb. 17, 2015) at 2 n.2 (emphasis added).

Warner Angle's statement regarding the bar date was incorrect. By order entered November 12, 2014, the bankruptcy court granted the debtors' bar date motion and set a claims bar date in all three bankruptcy cases of December 16, 2014. The certificates of service accompanying the bar date motion and the entered bar date order indicate that Warner Angle was served at the address set forth in Warner Angle's notice of appearance and request for special notice.[2]

On the same day Warner Angle filed its objection to debtors' compromise motion, February 17, 2015, debtors filed a motion seeking to accelerate the hearing on the compromise motion. In the motion to accelerate, debtors pointed out that the claims bar date had expired on December 16, 2014, that Warner Angle had not filed any proofs of claim and, hence, that Warner Angle lacked standing to object to the compromise motion.

One day later, apparently in response to the debtor's assertions in the motion to accelerate, Warner Angle belatedly filed proofs of claim in the Lock and Metz bankruptcy cases.

While the compromise motion was still pending, Lock and Metz

_____

[2]The certificates of service reflecting service of the entered bar date order were not included in the parties' excerpts of record, but we can and do take judicial notice of the documents attached to the bankruptcy court's electronic docket, including the certificates of service. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957–58 (9th Cir. 1989).

4

filed an objection to Warner Angle's proofs of claim and argued that the claims should be disallowed as untimely. In response, Warner Angle filed a cross-motion requesting that the bankruptcy court under 9006(b)(1) treat its proofs of claim as if they had been timely filed. According to Warner Angle, it was entitled to this relief because the late filing of its proofs of claim was the result of excusable neglect, under the standard articulated by the Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993).

After further briefing, the bankruptcy court held a hearing at which the court rejected Warner Angle's excusable neglect argument. The court found in favor of Warner Angle regarding two of the four Pioneer factors. According to the court, Warner Angle had sufficiently established its good faith and also had established that the length of delay associated with its belated proof of claim was relatively minor - two months – and did not potentially impact the debtors' bankruptcy cases (except to the extent noted in the court's discussion of prejudice).

On the other hand, with respect to the third Pioneer factor, which focuses on the reason for the delay, the bankruptcy court noted that Warner Angle had conceded that they had no good reason for the delay and that the delay had been preventable and within their control.

Most importantly, as for the remaining Pioneer factor, whether Lock and Metz were in danger of suffering prejudice if the untimely proofs of claim were treated as timely, the bankruptcy found that there was a risk of prejudice. The bankruptcy court explained that Lock and Metz had presented

5

evidence indicating that, based on the absence of proofs of claim from Warner Angle, they finalized close to three months of settlement negotiations with Your Source Pacific Fund I and submitted the resulting settlement agreement to the bankruptcy court for approval. The court acknowledged that Warner Angle's objection to the settlement motion put the debtors on notice, before the settlement agreement was approved, that Warner Angle did not intend to abandon its claim and instead sought to file belated proofs of claim against Lock and Metz and to have those claims treated as timely. Even so, the court explained, Lock and Metz had presented evidence indicating that they proceeded down a particular path towards settlement they would not have proceeded down if they had been confronted with timely filed proofs of claim from Warner Angle and that it would not have been reasonable under the circumstances to have expected Lock and Metz to unwind or attempt to modify the settlement at the time of Warner Angle's settlement objection based on Warner Angle's belated proofs of claim. As the bankruptcy court stated:

> [T]he only evidence that I have is in the two affidavits from Messrs. Metz and Lock to the effect that this was a very important settlement with YSB and not having the Warner Angle claim filed timely, caused them to proceed down a certain avenue and they made that settlement with YSP. And then, of course, we all know at the settlement hearing that the Warner Angle claim was at issue, but that it was extremely important that YSP get its money promptly. There was a real short fuse on that and the debtor chose to -- Debtors chose to go forward with that settlement with the understanding that these claims filed by Warner Angle were late and on the hope and expectation that the Court would uphold its claims bar date order.

Hr'g Tr. (March 30, 2015) at 37:12-24.

After the bankruptcy court entered its order sustaining the

6

debtors' claim objection and denying Warner Angle's cross-motion, Warner Angle filed a motion for reconsideration, seeking reconsideration of the bankruptcy court's order. Warner Angle, in essence, asserted that the bankruptcy court's finding of prejudice was clearly erroneous. Warner Angle further asserted that the court should not have enforced against it Rule 3003(c)(2)'s claim filing requirement because application of that requirement was premised on the debtors' spurious and bad-faith scheduling of Warner Angle's claim as contingent, disputed and unliquidated.

After allowing full briefing and holding a hearing on the reconsideration motion, the bankruptcy court denied the reconsideration motion. The bankruptcy court sua sponte modified its claim disallowance order to carve out an exception for any claim of offset Warner Angle might assert against the debtors in response to any malpractice litigation debtors might commence against Warner Angle. Otherwise, the bankruptcy court let stand its claim disallowance order.

The bankruptcy court entered its order denying the reconsideration motion on May 29, 2015, and Warner Angle timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

**ISSUES**

1. Did the bankruptcy court abuse its discretion when it denied Warner Angle's Rule 9006(b) excusable neglect motion?

7

2. Did the bankruptcy court correctly interpret and apply § 502(b)(9), § 1111(a) and Rule 3003(c) when it disallowed Warner Angle's claim?

3. Did the bankruptcy court abuse its discretion when it denied Warner Angle's reconsideration motion?

**STANDARDS OF REVIEW**

The bankruptcy court's denial of a Rule 9006(b) motion seeking relief based on excusable neglect is reviewed for an abuse of discretion. See Pioneer Inv. Servs. Co., 507 U.S. at 398. The bankruptcy court's denial of a reconsideration motion also is reviewed for an abuse of discretion. Cruz v. Stein Strauss Tr. # 1361, PDQ Invs., LLC (In re Cruz), 516 B.R. 594, 601 (9th Cir. BAP 2014).

The bankruptcy court abuses its discretion if it applies an incorrect legal rule or its findings of fact are illogical, implausible or without support in the record. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

Interpreting the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure requires us to resolve questions of law, which we review de novo. Duffy v. Dwyer (In re Dwyer), 303 B.R. 437, 439 (9th Cir. BAP 2003), aff'd, 426 F.3d 1041 (9th Cir 2005).

**DISCUSSION**

**1. Excusable Neglect**

Generally speaking, requests for relief based on excusable neglect are subject to well-established standards. The bankruptcy court must consider the totality of the circumstances and typically must focus on four factors: "(1) the danger of

8

prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (citing Pioneer Inv. Servs. Co., 507 U.S. at 395).

Pioneer is particularly instructive for purposes of resolving this appeal because the Pioneer court was considering the same Rule Warner Angle asked the bankruptcy court to apply here. The subject Rule – Rule 9006(b)(1) – in relevant part states:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

As in Pioneer, the bankruptcy court here was asked to determine whether certain untimely-filed proofs of claim could be treated as timely filed by application of Rule 9006(b)'s excusable neglect provision. Pioneer Inv. Servs. Co., 507 U.S. at 384. After the Supreme Court in Pioneer articulated the applicable legal standard, the Supreme court opined that, when the failure to timely file the proof of claim results from the negligent or inadvertent omission of counsel, the bankruptcy court acts within its discretion in finding no excusable neglect when there is "evidence of prejudice to [the debtor] or to judicial administration [of] this case, or . . . bad faith." Id. at 398.

For this reason, perhaps, Warner Angle's appeal focuses on

9

the bankruptcy court's finding of prejudice. The bankruptcy court's decision depended upon that finding. Warner Angle argues on appeal, as it did in its reconsideration motion, that there was no evidence to support the prejudice finding and that the prejudice finding was illogical given the evidence presented. We will address each of these arguments in turn.

According to Warner Angle, there was no evidence of any material prejudice to the debtors resulting from Warner Angle's delay in filing its proofs of claim. We disagree. Lock and Metz both submitted declarations indicating that they relied on the expiration of the claims bar date and on the absence of proofs of claim from Warner Angle in finalizing their settlement agreement with Your Source Pacific Fund I and in submitting that settlement agreement to the bankruptcy court for approval. As the bankruptcy court indicated, by the time the debtors learned of Warner Angle's position regarding its claims (while the compromise motion was pending), Lock and Metz already had proceeded well down the settlement path and also were faced with stringent settlement timing exigencies imposed by Your Source Pacific Fund I. Put another way, had Warner Angle timely filed their proofs of claim, Lock and Metz would have had the option to consider a path other than finalizing and submitting for approval their settlement agreement with Your Source Pacific Fund I and thereby might have avoided the dilemma it faced when its was confronted for the first time with the proofs of claim in the midst of the pending compromise motion proceedings and with Your Source Pacific Fund I's settlement payment deadline looming over their heads.

10

Warner Angle insists that the court should not have credited Lock's and Metz's declaration testimony regarding the prejudice they suffered. Warner Angle reasons that, if there truly had been an expectation or a contingency regarding the disallowance (or nonexistence) of Warner Angle's claims, it would have been mentioned in the settlement agreement, or in the compromise motion, or both, but it was not so mentioned. Therefore, according to Warner Angle, the court erroneously found prejudice based on Lock's and Metz's fabricated reliance on the absence of proofs of claim from Warner Angle.

Assuming without deciding that Warner Angle's view of the evidence is reasonable – that the bankruptcy court reasonably could have inferred that Lock and Metz did not really rely on the absence of proofs of claim from Warner Angle – we are not persuaded that the court's contrary finding of reliance was clearly erroneous. Rather, we see the bankruptcy court as having a choice between the two competing inferences. On the record presented, both were reasonable potential inferences. As the Supreme Court has stated: "[w]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985).

As for Warner Angle's contention that the bankruptcy court's prejudice finding was illogical, Warner Angle contends that Lock's and Metz's complaints of prejudice cannot logically be reconciled with their statements that Warner Angle's claims were properly listed as disputed and that they hold counterclaims against Warner Angle for malpratice. According to Warner Angle,

11

Lock's and Metz's malpractice allegations and its reliance allegations are mutually exclusive in the sense that both sets of allegations cannot possibly be true.

Once again, we disagree with Warner Angle. We simply don't see Lock's and Metz's positions as irreconcilable. The contention of prejudice was based on Lock's and Metz's asserted desire, at the time they finalized their settlement negotiations with Your Source Pacific Fund I, to account for any lingering exposure to Warner Angle for unpaid fees, whereas the contention that they hold valuable malpractice claims against Warner Angle was based on their presumed hope or belief that, ultimately, they would prevail in a future malpractice action against Warner Angle. In short, Lock's and Metz's two sets of contentions are no more inconsistent than the old adage encouraging us all to: "hope for the best but prepare for the worst." Put another way, the two potential **outcomes** might be mutually inconsistent, but the motivation to plan and take action to address both potential outcomes reasonably can be perceived as prudence rather than inconsistency.

In sum, Warner Angle's arguments challenging the bankruptcy court's prejudice finding lack merit. The prejudice finding was logical, plausible and supported by the record.

**2.   Untimely Claims**

Rule 3003(c)(2) provides:

Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; **any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.**

12

(Emphasis added.)

The rule compliments and effectuates § 502(b)(9) and § 1111(a), which when read together provide that creditors in chapter 11 cases whose claims are scheduled as disputed, contingent or unliquidated must timely file a proof of claim or else their claims are subject to disallowance.

Warner Angle admits that Lock and Metz scheduled its claim as disputed, contingent and unliquidated and furthermore concedes that notice of the claims bar date was served on it at the address set forth in its notice of appearance. Even so, Warner Angle contends that the bankruptcy court should have "looked behind" the debtors' schedules. If the court had done this, Warner Angle reasons, the court would have discovered that the claims of Warner Angle actually were non-contingent, undisputed and liquidated. Warner Angle additionally alleged that Lock's and Metz's scheduling of its claims as disputed, contingent and unliquidated was groundless and done in bad faith.

In effect, without citing any legal authority to support its request, Warner Angle asks us to create an equitable exception to the claim filing requirement imposed on chapter 11 creditors by virtue of § 502(b)(9), § 1111(a) and Rule 3003(c)(2). We decline to do so. The meaning of the above-referenced statutes and Rule is plain: when a chapter 11 creditor's claim is scheduled as disputed, contingent or unliquidated, that creditor must timely file a proof of claim if it wants to participate in the chapter 11 case for voting and distribution purposes. For purposes of applying the statutes and Rule as drafted, it makes no difference what grounds (if any) the debtor had for scheduling

13

the claim as disputed, contingent or unliquidated.  All that matters is whether the claim was scheduled with one of these three designations.

There are an array of remedies available in the event that a debtor knowingly and intentionally files inaccurate schedules.  Such a debtor might be denied a discharge under § 727(a)(4), or the debtor might be sanctioned under Rule 9011.  Such a debtor also might be prosecuted for a bankruptcy crime under 18 U.S.C. § 152.  Excusing creditors from the obligation to file a proof of claim is not one of the available remedies.  Nor would such a remedy make sense in light of the scheme Congress carefully and painstakingly enacted for administering claims.  The Bankruptcy Code and Rules, as drafted, provide bright line procedures making it clear for creditors whether or not they need to file proofs of claim, and the act of filing a claim is easy and straightforward in the vast majority of cases.  Warner Angle's obligation to file proofs of claim only became problematic, here, because Warner Angle failed to take the simple steps necessary to file its proofs of claim before the claim filing deadline expired.

Our decision to refrain from creating an equitable exception excusing chapter 11 creditors from filing proofs of claim as contemplated in § 502(b)(9), § 1111(a) and Rule 3003(c)(2) is consistent with Supreme Court precedent.  The Supreme Court repeatedly has cautioned bankruptcy courts to exercise their equitable authority within the confines of the Bankruptcy Code.  Most recently, the court said this in Law v. Siegel, 134 S.Ct. 1188, 1194-95 (2014).  Among other things, this means that bankruptcy courts should not exercise their equitable authority

14

in a manner that conflicts with the explicit provisions of the statutes and Rules. See id. Warner Angle is asking us to ignore this clear prohibition, so we will deny their request.

**3.    Reconsideration Motion**

Section 502(j) and Rule 3008 permit bankruptcy courts to reconsider the disallowance of claims "for cause." United Student Funds, Inc. v. Wylie (In re Wylie), 349 B.R. 204, 209 (9th Cir. BAP 2006). When, as here, the reconsideration motion is filed within fourteen days of the entry of the underlying order, we treat the reconsideration motion the same as we would a motion for new trial or to alter or amend the judgment under Rule 9023 (incorporating most of Civil Rule 59). Id.; see also Dicker v. Dye (In re Edelman), 237 B.R. 146, 151 (9th Cir. BAP 1999) ("motions for reconsideration have traditionally been treated as motions to alter or amend under [Civil Rule 59(e)] if the motion draws into question the correctness of the trial court's decision."). Typically, such motions are denied in the absence of newly discovered evidence, clear error by the bankruptcy court, or an intervening change in the law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009); Jeffries v. Carlson (In re Jeffries), 468 B.R. 373, 380 (9th Cir. BAP 2012).

Warner Angle's appeal brief did not directly and explicitly address the bankruptcy court's denial of the reconsideration motion. Nonetheless, Warner Angle raised precisely the same arguments in its reconsideration motion that it has raised on appeal regarding the bankruptcy court's prejudice finding and regarding "looking behind" the debtors' schedules. For the same

15

reasons we concluded, above, that Warner Angle's arguments on appeal lack merit, we also conclude that the bankruptcy court did not abuse its discretion when it denied Warner Angle's reconsideration motion.

**CONCLUSION**

For the reasons set forth above, we AFFIRM the bankruptcy court's orders denying Warner Angle's Rule 9006(b)(1) excusable neglect motion, sustaining the debtors' claim objection and denying Warner Angle's reconsideration motion.