**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARYAM YEPREMYAN,

Petitioner,

v.

ERIC H. HOLDER JR., Attorney
General,

Respondent.

No. 05-76746

Agency No.
A95-306-655

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2010*
San Francisco, California

Filed August 10, 2010

Before: Andrew J. Kleinfeld, A. Wallace Tashima, and
Sidney R. Thomas, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

---

**COUNSEL**

Asbet A. Issakhanian, Glendale, California, for the petitioner.

Andrew C. MacLachlan, Civil Division, U.S. Department of Justice, Washington, DC, for the respondent.

---

**OPINION**

PER CURIAM:

Petitioner Maryam Yepremyan ("Yepremyan") seeks review of the decision of the Board of Immigration Appeals ("BIA"), denying her motion to reopen for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

## I. BACKGROUND

Yepremyan, a citizen of Armenia, entered the United States on a visitor visa and, after overstaying her visa, applied for asylum. An immigration judge denied her application, and Yepremyan appealed the decision to the BIA. While her appeal was pending, Yepremyan married a United States citizen. Her husband filed an I-130 immediate relative visa petition on her behalf, and Yepremyan filed a motion to reopen for adjustment of status based on her marriage.

On October 26, 2005, the BIA dismissed Yepremyan's appeal and denied her motion to reopen, because Yepremyan had failed to present clear and convincing evidence that her marriage was bona fide. Yepremyan petitioned for review on November 28, 2005, which was the Friday after Thanksgiving.

## II.  DISCUSSION

### A.  Jurisdiction

The government first contends that we lack jurisdiction over this petition because Yepremyan failed to file her petition for review within thirty days of the BIA's decision.

**[1]** Under 8 U.S.C. § 1252(b)(1), a petition for review must be filed no later than thirty days following the date of the final order of removal. This time limit is " 'mandatory and jurisdictional' " and "not subject to equitable tolling." *Stone v. INS*, 514 U.S. 386, 405 (1995) (quoting *Missouri v. Jenkins*, 495 U.S. 33, 45 (1990)). The time limit for filing a petition for review begins to run when the BIA mails its decision, which is presumed to be the date indicated on the cover letter to the decision. *See Haroutunian v. INS*, 87 F.3d 374, 375 (9th Cir. 1996).

**[2]** In 2005, when Yepremyan filed her petition for review, Federal Rule of Appellate Procedure 26(a) stated that, in computing time, the day of the act which begins the period is excluded, and the last day of the period is included "unless it is a Saturday, Sunday, legal holiday, or . . . a day on which the weather or other conditions make the clerk's office inaccessible."[1] In addition to the federal holidays listed in Rule 26(a),

---

[1]Rule 26 was amended in 2009, but that amendment has no bearing on this petition for review because Yepremyan filed her petition in 2005. All further references to Rule 26 in this opinion, therefore, refer to the rule as it existed prior to the 2009 amendment.

a legal holiday is defined to include any day "declared a holiday by . . . the state in which is located . . . the circuit clerk's principal office."[2] Fed. R. App. P. 26(a)(4).

**[3]** In this case, the date indicated on the cover letter of the BIA's decision was October 26, 2005. The petition was therefore due by Friday, November 25, 2005, unless November 25 was a legal holiday in California. *See* Fed. R. App. P. 26(a)(4). If November 25 was a legal holiday for purposes of computing time under Rule 26(a), then the following Saturday and Sunday, November 26-27, were also excluded, and Yepremyan's filing on Monday, November 28, 2005, was timely.

**[4]** In California, the holidays are enumerated in California Government Code § 6700 and do not include the day after Thanksgiving. The California Code of Civil Procedure, however, designates the day after Thanksgiving as a "judicial holiday." Cal. Civ. Proc. Code § 135.

**[5]** In *Dwyer v. Duffy (In re Dwyer)*, 426 F.3d 1041 (9th Cir. 2005), we held that the day after Thanksgiving is a "legal holiday" in California for purposes of applying Federal Rule of Bankruptcy Procedure 9006. *Id.* at 1044. We stated that "[o]ur inquiry focuses on those days that the California *courts* recognize as 'holidays' " because the purpose of the rule is to "allow[ ] lawyers and litigants within a state to rely on one legal calendar in calculating deadlines, regardless of the court in which the case is filed, thereby preventing procedural pitfalls for those accustomed to the state-court system." *Id.* We reasoned that judicial holidays and holidays under § 6700 were interchangeable for California courts, and that a judicial holiday in California was therefore a legal holiday for purposes of Bankruptcy Rule 9006. *Id.*

---

[2]The principal office of the Clerk of the U.S. Court of Appeals for the Ninth Circuit is located in San Francisco, California.

**[6]** We perceive no reason why the analysis in *Dwyer* should not apply equally to Appellate Rule 26(a). Rule 26(a)'s reference to state holidays indicates an intention to promote uniformity between state and federal courts with respect to calculation of time. Thus, we conclude that the day after Thanksgiving is a legal holiday for purposes of calculating time under Federal Rule of Appellate Procedure 26(a). Yepremyan's petition for review was therefore timely, and this court has jurisdiction.

## B.   Standard of Review

We review the BIA's denial of a motion to reopen for abuse of discretion. *INS v. Abudu*, 485 U.S. 94, 99 (1988). "[M]otions to reopen are disfavored in deportation proceedings." *Id.* at 107. However, this court will reverse the denial of a motion to reopen if it is " 'arbitrary, irrational, or contrary to law.' " *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (quoting *Ahwazi v. INS*, 751 F.2d 1120, 1122 (9th Cir. 1985)).

## C.   Analysis

Yepremyan argues that the BIA abused its discretion in finding that the supporting documents filed with her motion to reopen for adjustment of status did not constitute clear and convincing evidence of a bona fide marriage.

**[7]** Generally, a motion to reopen for adjustment of status will not be granted on the basis of a marriage entered into during deportation proceedings unless the petitioner qualifies for the bona fide marriage exception. 8 U.S.C. § 1255(e). To qualify for this exception, the petitioner must "present[ ] clear and convincing evidence indicating a strong likelihood that the [petitioner's] marriage is bona fide." *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002); *see also Malhi v. INS*, 336 F.3d 989, 994 (9th Cir. 2003). The bare fact of getting married is insufficient. A petitioner must offer evidence that "the marriage was not entered into for the purpose

of procuring the alien's admission as an immigrant . . . ." 8 U.S.C. § 1255(e)(3); *see Malhi*, 336 F.3d at 994.

**[8]** Here, the sole evidence submitted by Yepremyan relevant to showing that her marriage is bona fide includes a certificate of marriage and two affidavits. The affidavits each state that Yepremyan and her husband "look like a very happy and great couple." However, the affidavits do not "contain complete information and details explaining how the person acquired his or her knowledge of the marriage" as required by 8 C.F.R. § 204.2(a)(iii)(B)(5). None of the documents submitted in support of Yepremyan's motion reveals whether she married for a reason other than "for the purpose of procuring [her] admission as an immigrant," 8 U.S.C. § 1255(e)(3), or indicates a strong likelihood that her marriage is bona fide. *See Malhi*, 336 F.3d at 994; *cf. United States v. Tagalicud*, 84 F.3d 1180, 1185 (9th Cir. 1996).

**[9]** In *Ahmed v. Mukasey*, 548 F.3d 768 (9th Cir. 2008), we held that a copy of a marriage certificate, a visa application, photographs of the wedding, and a single joint phone bill were insufficient to prove, by clear and convincing evidence, that the petitioner's marriage was bona fide. *Id.* at 773. Similarly, here, a copy of a marriage certificate and two vague affidavits attesting to the observation that the couple looks "happy" do not constitute clear and convincing evidence that the marriage is bona fide.

**[10]** Yepremyan also submitted Form I-485, which claims an address matching that of her husband. The BIA, in *In re Velarde-Pacheco*, found probative the fact that the Form I-485 filed by the alien indicated that he and his wife had lived together at their current address for two years. That case is distinguishable, however, because the couple had not only shared a mailing address, but also lived together, and had a son together as was proved by the birth certificate submitted with their motion. *In re Velarde-Pacheco*, 23 I. & N. Dec. at

254. Thus, while the information may be probative, it is insufficient to carry the day.

**[11]** Because Yepremyan has not proven her marriage to be bona fide by clear and convincing evidence, the BIA did not abuse its discretion in denying her motion to reopen.

Yepremyan contends, in the alternative, that if other documents were necessary, she should have been given the opportunity to provide them. She cites no authority for this proposition. To the contrary, on a motion to reopen, the petitioner must show prima facie eligibility for the underlying substantive relief requested, *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003), and the motion must be supported by affidavits or other evidentiary material, 8 U.S.C. § 1229a(c)(7)(B). Because Yepremyan did not submit sufficient supporting documentation to show by clear and convincing evidence that her marriage was bona fide, the BIA did not abuse its discretion in denying her motion to reopen.

The petition for review is **DENIED.**