**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NAVNEET HUNDAL, | No. 06-73776 |
| Petitioner, | Agency No. A079-578-642 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 18, 2011
San Francisco, California

Before: SCHROEDER and THOMAS, Circuit Judges, and ADELMAN, District
Judge.[**]

Navneet Hundal, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") *Burbano* affirmance of an Immigration

Judge's ("IJ") decision terminating her asylum status due to a fraudulent asylum

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Lynn S. Adelman, District Judge for the United States
District Court for the Eastern District of Wisconsin, sitting by designation.

application and denying her withholding of removal and protection under the Convention Against Torture ("CAT"). Hundal also petitions for review of the BIA's denial of her motion to remand. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

As a threshold matter, we decline to review Hundal's argument that the IJ abused her discretion in granting the government's motion to reopen. The IJ granted the government's motion to reopen on August 6, 2004. Hundal did not appeal that decision to the BIA. Although the BIA adopted and affirmed the IJ's April 21, 2005 decision, pursuant to *Matter of Burbano*, that decision addressed only the issue of whether Hundal's asylum application was fraudulent. Hundal thus failed to exhaust her administrative remedies as to the government's motion to reopen. *See Arreguin-Moreno v. Mukasey*, 511 F.3d 1229, 1232 (9th Cir. 2008).

Where an IJ reopens removal proceedings for the purpose of terminating a grant of asylum, the government has the burden to prove, by a preponderance of evidence, that "[t]here is a showing of fraud in the alien's application such that . . . she was not eligible for asylum at the time it was granted." 8 C.F.R. § 208.24(a)(1) & (f). We must uphold the IJ's factual finding that the asylum application was fraudulent "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

2

There is substantial evidence to support the IJ's finding that Hundal's asylum application was more likely than not fraudulent. Boota Basi, the person who prepared Hundal's asylum application, testified extensively about the process by which he and his partner, Kashmir Malhi, created fraudulent asylum applications. Basi gave a detailed account of how he had several templates of false stories of which he would change certain biographical and background information to specifically cater to each individual, and that none of the applications he prepared, including Hundal's, were true. The characteristics of Basi's work that reappeared in all of the applications he prepared were all apparent in Hundal's application. The IJ properly assessed Hundal's testimony and considered Basi's credibility and any incentive he may have had to testify falsely, and determined that Hundal was not entitled to asylum at the time it was granted. Because a reasonable factfinder would not have been compelled to conclude otherwise, we hold that substantial evidence supports the IJ's finding that Hundal's asylum application was fraudulent. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

An applicant who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Hundal did

3

not present any new evidence in support of her CAT claim that was different from her asylum claim, her CAT claim must also fail. *Id.* at 1157.

The BIA properly denied Hundal's motion to remand for adjustment of status based on her marriage to a U.S. citizen that took place during her removal proceeding. A motion to remand for adjustment of status will not be granted on the basis of a marriage entered into during removal proceedings unless the petitioner qualifies for the bona fide marriage exception. 8 U.S.C. § 1255(e); *see also Yepremyan v. Holder*, 614 F.3d 1042, 1044 (9th Cir. 2010). To qualify for this exception, the petitioner must present clear and convincing evidence indicating a strong likelihood that her marriage is bona fide. *Yepremyan*, 614 F.3d at 1044-45 (citing *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002)). In denying her motion to remand, the BIA concluded that Hundal did not satisfy the requirements set out in *Velarde-Pacheco* because Hundal failed to submit sufficient evidence demonstrating a strong likelihood that her marriage is bona fide. *See also* 8 C.F.R. § 204.2(a)(1)(iii)(B)(1)-(6) (listing the types of evidence which tend to establish that the marriage is bona fide). The record supports the BIA's conclusion that Hundal failed to submit the types of evidence listed in § 204.2(a)(1)(iii)(B). Therefore, the BIA did not abuse its discretion in denying Hundal's motion to remand.

4

Petition for review **DENIED.**