FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALMA GRISELDA CIFUENTES-ANGEL, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70806 <br><br> Agency No. A098-115-726 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2013[**]

Before:    HAWKINS, McKEOWN, and BERZON, Circuit Judges.

Alma Griselda Cifuentes-Angel, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review for abuse of discretion the BIA's denial of a motion to reopen.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).  We deny in part and dismiss in part the petition for review.

The BIA did not err in construing Cifuentes's motion, which she titled a motion to reopen, as a motion to reconsider because it was based on a change in the law.  *See* 8 C.F.R. § 1003.2(b)(1) (a motion to reconsider alleges an error in fact or law); *Membreno v. Gonzales*, 425 F.3d 1227, 1229-30 (9th Cir. 2005) (en banc) (new legal arguments are not new facts); *Mohammed v. Gonzales*, 400 F.3d 785, 792 (9th Cir. 2005) (BIA properly construed the motion according to its underlying purpose).  Because Cifuentes had filed a prior motion to reconsider, the BIA did not abuse its discretion in denying her motion as number-barred.  *See* 8 C.F.R. § 1003.2(b)(2) (only one motion to reconsider may be filed).

We lack jurisdiction to review the BIA's decision to not exercise its authority to reopen proceedings sua sponte.  *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011). We lack jurisdiction over Cifuentes's remaining contentions regarding the merits of her claim because the petition for review is not timely as to those issues.  *See* 8 U.S.C. § 1252(b)(1); *Yepremyan v. Holder*, 614 F.3d 1042, 1043 (9th Cir. 2010) (per curiam) (a petition for review must be filed no later than thirty days following the date of the final order of removal).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**