**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 27 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIO ALBERTO QUINTANILLA-
GUILLEN; NUVIA DINORA JUAREZ
DE QUINTANILLA,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-71560

Agency Nos.     A095-667-797
                A95-667–796

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2013[**]
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

Julio Quintanilla-Guillen and his wife are natives and citizens of El

Salvador.  They petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum and requests for withholding of removal and/or Convention Against Torture protection. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition.

A petition for review "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). This limited filing period is mandatory and jurisdictional. *Stone v. INS*, 514 U.S. 386, 405 (1995). Petitioners bear the burden of proving that we have jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, the BIA's order and cover letter are dated March 10, 2008, so the petition for review had to be filed by April 9, 2008. Petitioners filed their petition on April 14, 2008—five days late. They claim that the filing was timely because they did not receive notice of the decision until March 13, 2008 and the 30-day filing period began when the BIA mailed its decision. Their only evidence of the later mailing date is a copy of an unaddressed envelope.

Petitioners are correct that the period for filing a petition for review begins when the BIA mails its decision. *Yepremyan v. Holder*, 614 F.3d 1042, 1043 (9th Cir. 2010). Nevertheless, their claim is not supported by the record. We presume that the BIA mails its decision on the date written on the cover letter that accompanies its order. *Id.*

Here, the photocopy of an unaddressed envelope that Petitioners provided is insufficient evidence to rebut the presumption that the BIA mailed the order on the date indicated on the cover letter for two reasons.  First, there is no way of knowing whether the order and cover letter were inside the envelope.  Second, it is unusual that the envelope is not addressed to anyone, and without some identifying information, there is no way of knowing to whom the BIA sent the envelope.

Accordingly, we dismiss this petition for want of jurisdiction.

DISMISSED.