**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM RIVERA, | No. 12-70177 |
| Petitioner, | Agency No. A200-052-064 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

William Rivera, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion

for reconsideration of the denial of his motion to reopen.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review for abuse of discretion the BIA's denial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

of a motion for reconsideration, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), and de novo due process claims, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Rivera's motion for reconsideration because Rivera failed to point to any error of fact or law in the BIA's denial of his motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *see also Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (describing the grounds on which the BIA may deny a motion to reopen). We lack jurisdiction to consider any challenge to the immigration judge's decision. *See Yepremyan v. Holder*, 614 F.3d 1042, 1043 (9th Cir. 2010) (per curiam).

Finally, Rivera's claim that his due process rights were violated fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**