**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

YASIR MEHMOOD,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

Nos.  19-72258
        19-70579

Agency No. A060-196-932

MEMORANDUM[*]

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted January 19, 2022[**]

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

     Yasir Mehmood, a native and citizen of Pakistan, petitions pro se for review

of the Board of Immigration Appeals ("BIA") order denying his motion to

reconsider (petition No. 19-72258) and the BIA orders dismissing his appeals from

an immigration judge's ("IJ") decisions finding him removable and denying his

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") (petition No. 19-70579). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016), including claims of due process violations in immigration proceedings, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part petition No. 19-70579, and we dismiss petition No. 19-72258.

As to petition No. 19-70579, the agency correctly concluded that Mehmood's conviction for bank fraud in violation of 18 U.S.C. § 1344 rendered him removable under 8 U.S.C. § 1227(a)(2)(A)(i), as an alien convicted of a crime involving moral turpitude ("CIMT") committed within five years after admission for which a sentence of one year of longer may be imposed. *See Planes v. Holder*, 652 F.3d 991, 997 (9th Cir. 2011) ("[F]raud crimes are categorically crimes involving moral turpitude, simply by virtue of their fraudulent nature."). Mehmood's contentions regarding his date of admission and the finality of his conviction fail. *See Route v. Garland¸* 996 F.3d 968, 981 (9th Cir. 2021) (deferring to the BIA's interpretation that the relevant admission for purposes of 8 U.S.C. § 1227(a)(2)(A)(i)(I) is the admission that led to petitioner's presence in the

United States when he committed the crime); *Planes*, 652 F.3d at 995-96 (under the Immigration and Nationality Act, a conviction exists once the district court enters judgment, notwithstanding the availability of an appeal). We do not address Mehmood's contentions regarding his removability under 8 U.S.C. § 1227(a)(1)(D)(i) because the BIA did not reach that ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Because Mehmood was found removable due to his conviction for a CIMT, our jurisdiction to review the agency's particularly serious crime determination is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C)-(D); *Pechenkov v. Holder*, 705 F.3d 444, 448-49 (9th Cir. 2012). The agency considered the appropriate factors in a case-specific inquiry, and Mehmood has not otherwise raised a colorable constitutional or legal challenge to the particularly serious crime determination. *See Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) ("[W]e lack jurisdiction over the BIA's ultimate determination that [petitioner] committed a particularly serious crime . . . . But we retain jurisdiction to determine whether the BIA applied the correct legal standard." (internal citation and quotation marks omitted)); *Anaya-Ortiz v. Holder*, 594 F.3d 673, 679-80 (9th Cir. 2010) (concluding that the BIA engaged in the

appropriate particularly serious crime analysis); *see also Pechenkov*, 705 F.3d at 448-49 (court lacks jurisdiction to re-weigh factors involved in discretionary particularly serious crime determination). Thus, Mehmood's asylum and withholding of removal claims fail.

As to deferral of removal under CAT, substantial evidence supports the agency's adverse credibility determination based on Mehmood's inconsistent statements regarding his fear of the Taliban and his bank fraud conviction. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *Unuakhaulu v. Gonzales*, 416 F.3d 931, 938-39 (9th Cir. 2005) (criminal conviction involving fraud undermined credibility). We reject as unsupported by the record Mehmood's contentions that IJ refused to admit witness testimony and failed to properly consider corroborating evidence. Thus, in the absence of credible testimony or other record evidence that compels the conclusion that it is more likely than not Mehmood would be tortured by or with the consent of acquiescence of the government if returned to Pakistan, his CAT claim fails. *See Shrestha*, 590 F.3d at 1048-49.

Mehmood's contentions that the agency otherwise violated his right to due process or erred in its analysis of his case fail as either unsupported by the record or because he has not shown any error. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

19-72258

As to petition No. 19-72258, the court lacks jurisdiction to consider it because Mehmood did not meet the inmate filing rule requirements that could have excused his untimely filing. *See* 8 U.S.C § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); Fed. R. App. P. 25(a)(2)(A)(iii) (inmate filing rule requires evidence that postage was prepaid).

All requests raised in Mehmood's opening brief, and all pending motions, are denied, including the motion to extend the time to file the petition for review in petition No. 19-72258. *See Yepremyan v. Holder*, 614 F.3d 1042, 1043 (9th Cir. 2010) (30-day time limit to file a petition for review is "mandatory and jurisdictional and not subject to equitable tolling." (internal quotation marks and citation omitted)).

To the extent Mehmood, in his opening brief, references materials that are not part of the administrative record, we do not consider them. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION No. 19-70579: DENIED in part; DISMISSED in part.**

**PETITION No. 19-72258: DISMISSED.**