**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL M. LUCORE, | No. 22-56117 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-00220-TWR-MDD |
| v. | |
| BANK OF AMERICA, NA; WELLS FARGO BANK, N.A., as Trustee for the Certificate Holders of the LMT 2006-9 Trust; CATAMOUNT PROPERTIES 2018, LLC; DOES, 1 through 50, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Submitted August 15, 2023**

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Paul M. Lucore appeals pro se from the district court's judgment dismissing

his diversity action arising out of foreclosure proceedings.  We have jurisdiction

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.[1]  We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) based on claim preclusion.  *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).  We affirm.

The district court properly dismissed Lucore's action as barred by the doctrine of claim preclusion because Lucore brought or could have brought his claims in his prior federal court action, which involved the same parties or their privies and resulted in a final judgment on the merits.  *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713-14 (9th Cir. 2001) (setting forth elements of federal claim preclusion); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("It is immaterial whether the claims asserted [in the subsequent action] were actually pursued in the [previous] action . . . ; rather, the relevant inquiry is whether they could have been brought." (citation omitted)).

The district court did not abuse its discretion by dismissing without leave to amend because amendment would be futile.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper if amendment

---

[1] Contrary to appellees' contention, Lucore's notice of appeal was timely filed. *See* Fed. R. App. P. 26(a)(1)(C); *Yepremyan v. Holder*, 614 F.3d 1042, 1044 (9th Cir. 2010) (as a judicial holiday under California state law, the day after Thanksgiving qualifies as a legal holiday under Federal Rule of Appellate Procedure 26(a)).

would be futile).

The district court did not abuse its discretion by denying Lucore's motion for relief from judgment because Lucore failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 59(e) or 60(b)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**