

ORDERED PUBLISHED

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   CC-13-1554-KiTaD |
| ) | |
| GUIDO YAROL CRUZ, ) | Bk. No.   06:13-20368-MH |
| ) | |
| Debtor. ) | |
| ——————————————————————) | |
| ) | |
| GUIDO YAROL CRUZ, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **O P I N I O N** |
| ) | |
| STEIN STRAUSS TRUST #1361, ) | |
| PDQ INVESTMENTS, LLC, ) | |
| ) | |
| Appellee. ) | |
| ——————————————————————) | |

Submitted Without Oral Argument
on June 26, 2014

Filed - August 29, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Mark D. Houle, Bankruptcy Judge, Presiding

———————————————————————

Appearances:    Appellant Guido Yarol Cruz appeared pro se on
brief; Joseph C. Delmotte, Esq. of Pite Duncan, LLP
appeared on brief for appellee, Stein Strauss Trust
#1361, PDQ Investments, LLC.

Before:  KIRSCHER, TAYLOR and DUNN, Bankruptcy Judges.

KIRSCHER, Bankruptcy Judge:

Guido Yarol Cruz ("Cruz") appeals the order granting the motion of PDQ Investments, LLC as trustee for the Stein Strauss Trust #1361 ("SS Trust") to annul retroactively the automatic stay or, in the alternative, to confirm that no stay was in effect, and he appeals the order denying reconsideration of the prior order. We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Prepetition events

Mr. Doo Ko obtained a loan from IndyMac Bank, FSB ("IndyMac") to purchase a residence located on Stein Strauss Street in Fullerton, California ("Property"). The deed of trust in favor of IndyMac was recorded on June 8, 2007. On June 25, 2007, Mr. Ko transferred his 100% interest in the Property to a Ms. Eun H. Ko by way of a grant deed for no consideration. The grant deed was recorded on June 28, 2007.

Ultimately, the loan went into default, and a Notice of Default was recorded against the Property on February 9, 2009. A Notice of Sale was recorded some three years later on September 25, 2012. A trustee's sale was set for October 24, 2012.

The parties have not explained why it took over three years before the Notice of Sale was recorded. We discovered in reviewing the bankruptcy court docket, however, that Ms. Ko, under the names "Eun H. Ko" and "Eun Ko" (same Social Security Number), filed no less than six bankruptcy cases in the Central District of

-2-

California between November 2009 and February 2013.[1] All cases were skeletal filings and dismissed for either failing to file documents or to appear at the § 341(a)[2] meeting of creditors after multiple continuances. Mr. Ko filed three bankruptcy cases in 2009, all of which were skeletal filings and dismissed for failing to file documents.

Notably, in Ms. Ko's third case filed on November 5, 2010, the servicer for IndyMac sought relief from stay against the Property. The moving papers referenced a grant deed (not noted in this case) executed on January 20, 2010, and recorded on January 22, 2010, wherein Ms. Ko purported to transfer a 5% interest in the Property back to Mr. Ko and a 5% interest to a Mr. Tae Hoon Ko. Mr. Tae Hoon Ko filed one skeletal chapter 13 bankruptcy case on January 4, 2010, which was converted to chapter 7 and ultimately dismissed for failing to appear at the § 341(a) meeting. IndyMac was granted stay relief on May 31, 2011, and the order included a bad faith finding under § 362(d)(4). The two-year in rem bar contained in that order presumably expired on or about May 31, 2013, which is about two weeks before Cruz filed his chapter 7 case.[3]

---

[1] We have taken judicial notice of Ms. Ko's multiple cases filed with the bankruptcy court through its electronic docketing system. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[3] Clearly, Ms. Ko has a history of filing multiple bankruptcy cases and transferring fractional interests in the
(continued...)

-3-

**B.    Postpetition events**

Cruz, pro se, filed a skeletal chapter 7 bankruptcy case on June 13, 2013. Pursuant to Rule 1007(c), Cruz was ordered to file his schedules and other requisite documents by June 27. On June 27, Cruz sought an extension to July 11 to file all documents, which was granted. Cruz failed to file all required documents by July 11, no further extensions were requested, and his bankruptcy case was dismissed on July 17, 2013 ("Dismissal Order").[4] In the Dismissal Order, the bankruptcy court retained jurisdiction "on all issues arising under Bankruptcy Code § 110, 329 and 362." Cruz did not appeal the Dismissal Order.[5]

**1.    SS Trust's motion for relief from stay**

On July 15, 2013, Ms. Ko, who now held only an 80% interest in the Property, executed a grant deed purporting to transfer a 5% interest in the Property to Cruz (the "Cruz Deed"). The Cruz Deed was recorded at 12:52 p.m. on July 15, 2013. On that same day at approximately 2:18 p.m., the Property was sold by the lender at a trustee's sale to SS Trust, who was the highest bidder at

---

[3](...continued)
Property to persons in bankruptcy in an attempt to subvert the foreclosure process. We have no doubt Cruz, who now claims to live with Ms. Ko at the Property, is yet another participant in her ongoing scheme.

[4] Cruz did, however, file some documents untimely on July 15 at 2:13 p.m., which is the same day he acquired his 5% interest in the Property and about one hour after the Cruz Deed was recorded. He did not claim an interest in the Property in his Schedule A.

[5] Cruz filed a motion to reconsider the Dismissal Order under Civil Rule 60(b)(1) about two months after the order's entry. The bankruptcy court denied it. Because the motion to reconsider was not filed within 14 days of the entry of the Dismissal Order, the time to appeal the Dismissal Order was not tolled. Rule 8002(b). Therefore, Cruz's arguments about the merits of the Dismissal Order are untimely, and we lack jurisdiction to consider them.

$711,000.  SS Trust established that it had no knowledge of the Cruz Deed or of Cruz's bankruptcy case at the time of the sale.

Shortly thereafter, SS Trust became aware of Cruz's bankruptcy.  On August 13, 2013, after Cruz's case had been dismissed, SS Trust moved to annul the automatic stay to validate the sale or, in the alternative, to confirm that no stay was in effect at the time of the sale ("Stay Relief Motion").  SS Trust also sought a finding that Cruz's bankruptcy case was filed as part of a bad faith scheme to delay, hinder and defraud creditors under § 362(d)(4).[6]

Specifically, SS Trust argued that because Cruz, a chapter 7 debtor, did not acquire his interest in the Property until _after_ he filed for bankruptcy, the Property was never property of the estate.  Consequently, his bankruptcy filing had no effect on the validity of the sale.  Alternatively, SS Trust argued that even if the Property was estate property and the sale violated the automatic stay, cause existed to annul the stay because:  (1) SS Trust was a bona fide purchaser who purchased the Property without any knowledge of Cruz's bankruptcy or of the Cruz Deed recorded the day of the sale; (2) SS Trust took immediate action to annul

---

[6]  SS Trust used the mandatory local form, F 4001-1.RFS.RP.MOTION, required by bankruptcy court, which in compliance with amendments of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,contained the statutory language of "delay, hinder, and defraud[,]" as required by § 362(d)(4). The mandatory order, F 4001-1.RFS.RP.ORDER, required by the local forms and issued by the bankruptcy court, contained this same statutory language.  The Bankruptcy Technical Corrections Act of 2010 amended the statutory language to read "delay, hinder, or defraud[.]"  The statutory amendment changed the proof of the required elements from the conjunctive to the disjunctive. Subsequent to the filing of this appeal, the bankruptcy court has amended its mandatory forms to contain the 2010 amended statutory language.  See Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327, 124 Stat 3557.

-5-

the stay once it learned of Cruz's bankruptcy filing, whereas Cruz had not taken any action to set the sale aside; (3) the facts and circumstances suggested Cruz's bankruptcy case was filed as part of a bad faith scheme to delay and/or hinder the sale; and (4) both SS Trust and the lender who sold the Property would be prejudiced if the sale were deemed void.

In support of the Stay Relief Motion, SS Trust offered copies of the various grant deeds and the recorded Notice of Default and Notice of Sale. SS Trust did not submit a trustee's deed, but it did submit a copy of a document entitled "Trustee's Sale Results" that showed SS Trust was the winning bidder at the July 15 sale.

Cruz opposed the Stay Relief Motion, contending that SS Trust had failed to prove it was the new owner of the Property; no trustee's deed had been shown or recorded. He further argued SS Trust was not a BFP. In his supporting declaration, Cruz stated that he had notified the sale trustee by fax at 1:03 p.m. on July 15, 2013, about thirty minutes before the scheduled sale, of his bankruptcy filing on June 13, 2013. Nonetheless, the sale trustee "ignored [his] bankruptcy stay and sold to an unknown third party investor." Cruz also stated that even though his paralegal friend helped him fill out his untimely filed schedules, he did not know where in the schedules to list his interest in the Property. Cruz further stated that the lender was looking into the alleged improper trustee's sale.

Attached to Cruz's opposition was a copy of the "Notice of Bankruptcy Case Filing" Cruz asserted he faxed to the lender just minutes before the trustee's sale and the cover sheet to a complaint Cruz filed in state court on August 26, 2013, against

-6-

the lender and SS Trust to set aside the sale.

In reply, SS Trust argued that it was a BFP without notice of Cruz's bankruptcy. SS Trust also argued that it had standing to bring the Stay Relief Motion despite the lack of a recorded trustee's deed; it became the beneficiary of the trustee's deed by being the successful bidder at the sale.

The bankruptcy court issued a tentative ruling on the Stay Relief Motion on September 9, 2013, which it adopted as its final ruling at the related hearing on September 10, 2013. Cruz did not appear. The bankruptcy court found that the automatic stay never took effect as to the Property and that it was never property of the estate because Cruz acquired his interest in it postpetition. Alternatively, cause existed to annul the stay based on the postpetition transfer of a fractionalized interest to Cruz on the day of the foreclosure sale. In addition, the court found that Cruz's bankruptcy was part of a scheme to hinder, delay and[7] defraud creditors because: (1) he filed a skeletal petition; (2) a partial interest in the Property was transferred to him postpetition; (3) he failed to list the Property on Schedule A or amend it after obtaining an interest; and (4) despite receiving an extension to file all necessary bankruptcy documents, he still failed to cure the deficiencies and the case was dismissed.

The bankruptcy court entered an order granting the Stay Relief Motion under § 362(d)(1) and (d)(4) on September 25, 2013

---

[7] At all times relevant to this appeal, § 362(d)(4) required a finding that the filing of debtor's petition was part of a scheme to delay, hinder or defraud creditors. The bankruptcy court's order found that Cruz's petition was filed as part of a scheme to delay, hinder and defraud creditors. Cruz does not assign any error by the bankruptcy court on this specific issue. In any event, it has no bearing on the outcome of this appeal.

("Stay Relief Order").

**2. Cruz's motion to reconsider**

Cruz timely moved for reconsideration of the Stay Relief Order under Civil Rule 60(b)(1) ("Motion to Reconsider"). Cruz contended the Stay Relief Order should be vacated due to excusable neglect because his counsel failed to appear at the hearing and because he had "new" evidence establishing the court should not have granted it. Cruz reasserted his argument that SS Trust lacked standing to bring the Stay Relief Motion and he raised a new argument, without any supporting evidence, that the sale was void because the trustee was not authorized to conduct it.

SS Trust opposed the Motion to Reconsider, contending that the failure of Cruz's alleged attorney to attend the hearing on the Stay Relief Motion did not establish excusable neglect under Civil Rule 60(b)(1). Cruz had no attorney of record; no evidence from any attorney was offered to explain why he or she was not there. Although not raised by Cruz, SS Trust also argued he was not entitled to relief under Civil Rule 60(b)(6).

Cruz's reply reiterated his prior arguments and he argued for the first time: that SS Trust lacked standing to seek relief from stay because it was not registered with the California Secretary of State; that the Cruz Deed was valid upon delivery; and that the foreclosure sale was being litigated in state court. Finally, Cruz contended that his attorney, Jessica De Anda Leon, appeared for the stay relief hearing, albeit, thirty minutes late.

Attached to Cruz's reply was a photo copy of a business card from Ms. De Anda Leon. Attached also was a copy of a demurrer dated September 9, 2013, filed in state court by the Property

lender (OneWest Bank, FSB) in response to Ms. Ko's complaint to set aside the sale. Curiously, the lender's demurrer stated that the foreclosure sale had not yet taken place.

The bankruptcy court issued its tentative ruling denying the Motion to Reconsider, which it adopted as its final ruling at the related hearing. Pursuant to Local Bankruptcy Rule 9013-1(g)(1), the court refused to consider new arguments raised by Cruz that were not responsive to SS Trust's opposition, such as the foreclosure sale was being litigated, that SS Trust was not registered with the California Secretary of State, and that the Cruz Deed was a lawful transfer. In reviewing the factors set forth in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 385 (1993), the bankruptcy court determined Cruz had failed to establish excusable neglect because: (1) he provided no evidence that he was unable to attend the stay relief hearing; (2) the Motion to Reconsider did not include a declaration from Ms. De Anda Leon; and (3) Cruz had no attorney of record.

The bankruptcy court also found Cruz had failed to establish entitlement to relief under Civil Rule 60(b)(2), because even though he claimed he had "new" evidence, he failed to state what that evidence was.

Lastly, the bankruptcy court determined relief also was not warranted under Civil Rule 60(b)(6). Cruz had not offered any authority for a reversal of the bad faith finding, and, in any event, vacation of a bad faith finding was not grounds for reconsideration under Civil Rule 60(b). Further, despite Cruz's arguments to the contrary, SS Trust had established a colorable claim to the Property with the "Trustee's Sale Results" document.

-9-

Finally, the stay was never in effect as to the Property because Cruz acquired his 5% interest in it postpetition.

At the hearing on the Motion to Reconsider, attorney Robert L. Bachman specially appeared for Cruz. Mr. Bachman explained that Cruz's "new" evidence was the demurrer filed by the lender in the state court action, in which the lender had asserted that the foreclosure sale had not yet taken place. In response, the bankruptcy court opined, and Mr. Bachman agreed, that the demurrer filed on September 9 was filed <u>after</u> the hearing on the Stay Relief Motion and, therefore, that it could not be "newly" discovered evidence.

An order denying the Motion to Reconsider the Stay Relief Order was entered on November 1, 2013 ("Reconsideration Order"). This timely appeal followed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court abuse its discretion when it granted the Stay Relief Motion?

2. Did the bankruptcy court abuse its discretion when it denied Cruz's Motion to Reconsider?

## IV. STANDARDS OF REVIEW

Standing is a legal issue we review de novo. <u>Loyd v. Paine Webber, Inc.</u>, 208 F.3d 755, 758 (9th Cir. 2000); <u>Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer)</u>, 405 B.R. 915, 919 (9th Cir. BAP 2009).

A bankruptcy court's decision to grant retroactive relief

-10-

from the automatic stay is reviewed for an abuse of discretion. Nat'l Envtl. Waste Corp. v. City of Riverside (In re Nat'l Envtl. Waste Corp.), 129 F.3d 1052, 1054 (9th Cir. 1997); Williams v. Levi (In re Williams), 323 B.R. 691, 696 (9th Cir. BAP 2005). We also review the bankruptcy court's denial of a motion for reconsideration for an abuse of discretion. Tracht Gut, LLC v. Cnty. of L.A. Treasurer & Tax Collector (In re Tracht Gut, LLC), 503 B.R. 804, 810 (9th Cir. BAP 2014). A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

### V. DISCUSSION

As a threshold argument, SS Trust contends the Stay Relief Order is not reviewable on appeal. We disagree. When a motion for reconsideration under Civil Rule 60(b), applicable here by Rule 9024, is filed within 14 days of entry of the underlying order, as it was here, we have jurisdiction to review both the underlying order and the order denying reconsideration. Wall St. Plaza, LLC v. JSJF Corp. (In re JSJF Corp.), 344 B.R. 94, 99 (9th Cir. BAP 2006)(applying former 10-day rule); Rule 8002(b). Nonetheless, Cruz designated and attached to his notice of appeal only the Reconsideration Order, not the Stay Relief Order. Although Rule 8001(a) does not require a notice of appeal to designate the order or judgment from which an appeal is taken, our Local Rule 8001(a)-1 does. However, we may depart from our local rules absent prejudice. In re JSJF Corp., 344 B.R. at 100 (citing Alfred M. Lewis, Inc. v. Holzman (In re Telemart Enters., Inc.),

-11-

524 F.2d 761, 766 (9th Cir. 1975)). No prejudice is present here because the parties have briefed the issues regarding the Stay Relief Order. Accordingly, the Stay Relief Order and the Reconsideration Order are properly before us. See United States v. Arkison (In re Cascade Rds., Inc.), 34 F.3d 756, 761 (9th Cir. 1994)(appellate court may review merits of a bankruptcy court order where parties have fully briefed those issues even if the order was not identified in the notice of appeal).

**A.   The bankruptcy court did not abuse its discretion when it granted the Stay Relief Motion.**

Cruz raises a variety of arguments asserting that the bankruptcy court abused its discretion in granting the Stay Relief Motion. We address each in turn.

**1.   The bankruptcy court had jurisdiction to consider the Stay Relief Motion.**

Cruz first argues the bankruptcy court lacked jurisdiction to consider the Stay Relief Motion because his bankruptcy case had been dismissed. Cruz is incorrect. In the Dismissal Order, the bankruptcy court expressly reserved jurisdiction over all issues arising under § 362. Further, after a case is dismissed, "the court may annul the automatic stay, thereby retroactively ratifying an act otherwise violative of the stay." Johnson v. TRE Holdings LLC (In re Johnson), 346 B.R. 190, 194 (9th Cir. BAP 2006).

**2.   SS Trust established it had a colorable claim to the Property.**

Cruz contends SS Trust was not the real party in interest and lacked standing to seek relief from stay. We disagree.

The filing of a petition for bankruptcy relief automatically

-12-

stays the commencement of any act to obtain possession of or to enforce a lien against property of the debtor or of the estate. See § 362(a)(3), (a)(4) and (a)(5). The automatic stay does not apply to property that is not property of the estate. It does, however, stay the enforcement of a lien securing a prepetition claim against property of the debtor, which includes property acquired by an individual debtor postpetition. 3 COLLIER ON BANKRUPTCY ¶ 362.03[7] (Alan N. Resnick & Henry J. Sommers, eds., 16th ed. 2012).

Under § 362(d), a "party in interest" may request relief from the stay. A "party in interest" can include any party that has a pecuniary interest in the matter, that has a practical stake in the resolution of the matter or that is impacted by the automatic stay. Brown v. Sobczak (In re Sobczak), 369 B.R. 512, 517-18 (9th Cir. BAP 2007). Proceedings to decide motions for relief from the automatic stay are very limited. "[A] party seeking relief from stay need only establish that it has a colorable claim to enforce a right against property of the estate." Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 914-15 (9th Cir. BAP 2011). A party has a "colorable claim" sufficient to establish standing to prosecute the motion if it has an ownership interest in the subject property. Id. at 913; Edwards v. Wells Fargo Bank, N.A. (In re Edwards), 454 B.R. 100, 105 (9th Cir. BAP 2011).

Cruz appears to argue that SS Trust failed to establish a colorable claim to the Property because it did not record a trustee's deed. Without a recorded trustee's deed, Cruz argues, the foreclosure sale cannot be deemed final, SS Trust's alleged interest in the Property was not perfected and, thus, his interest

-13-

is superior.  Cruz misinterprets California law.

Section 2924h(c) of the California Civil Code provides that for the purposes of this subsection (dealing with finalizing a trustee's sale), "the sale shall be deemed final upon the acceptance of the last and highest bid."  It then discusses when the sale "is perfected," based on timing of recordation of the trustee's deed within 15 days.  See also 4 Harry D. Miller & Marvin B. Starr, CAL. REAL ESTATE § 10:252 (3d ed. 2013)(Under California law "[t]he purchaser at the foreclosure sale receives title free and clear of any right, title, or interest of the trustor or any grantee or successor of the trustor.").  Therefore, title technically transferred to SS Trust, by law, even without recordation of a trustee's deed on sale.

In support of its Stay Relief Motion, SS Trust provided a declaration from an employee who testified that he attended the sale on July 15, 2013, and purchased the Property.  Although a trustee's deed had not yet been recorded at that time, SS Trust offered a document entitled "Trustee's Sale Results," which indicated that SS Trust had purchased the Property for $711,000.[8] Accordingly, SS Trust's ownership interest in the Property established a "colorable claim" and, hence, standing to prosecute the Stay Relief Motion.

**3.  The Property was not property of the estate, but it was property of the debtor.**

Cruz contends the Property was estate property because he

_____

[8] Cruz has attached in his reply brief a copy of the now-recorded trustee's deed, recorded on October 1, 2013, which states that SS Trust, "being the highest bidder" at the sale on July 15, 2013, "was the beneficiary of said Deed of Trust at the Time of said Trustee's Sale."

-14-

received a grant deed from Ms. Ko. Even presuming the Cruz Deed was valid, the record reflects that he did not obtain an interest in the Property until July 15, 2013, when the Cruz Deed was executed and recorded. Therefore, the Property was not estate property because Cruz, a chapter 7 debtor, acquired his interest in it after the commencement of the case. See § 541(a)(1) (property of the estate is defined as "all legal or equitable interests of the debtor in property as of the commencement of the case")(emphasis added). Because of this, the bankruptcy court found that the Property was never protected by the automatic stay.

We agree the Property was not "property of the estate," but it arguably was "property of the debtor" and still protected by the stay under § 362(a)(5)[9] at the time of the sale. However, any potential stay violation was cured by the bankruptcy court's proper annulment of the stay.

**4.  Cause existed to annul the stay.**

Actions taken in violation of the automatic stay are void. However, an action taken in violation of the automatic stay that would otherwise be void may be declared valid if cause exists for retroactive annulment of the stay. Schwartz v. United States (In re Schwartz), 954 F.2d 569, 573 (9th Cir. 1992). Section 362(d) empowers the bankruptcy court to annul the stay. It provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by

---

[9] Section 362(a)(5) provides that a bankruptcy petition stays "any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title."

-15-

terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

§ 362(d)(1); In re Schwartz, 954 F.2d at 572 ("[S]ection 362(d) gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay.").

In deciding whether "cause" exists to annul the stay, a bankruptcy court should examine the circumstances of the specific case and balance the equities of the parties' respective positions. Gasprom, Inc. v. Fateh (In re Gasprom, Inc.), 500 B.R. 598, 607 (9th Cir. BAP 2013)(citing In re Nat'l Envtl. Waste Corp., 129 F.3d at 1055); Fjelsted v. Lien (In re Fjelsted), 293 B.R. 12, 24 (9th Cir. BAP 2003). Under this approach, the bankruptcy court considers (1) whether the creditor was aware of the bankruptcy petition and automatic stay and (2) whether the debtor engaged in unreasonable or inequitable conduct. In re Nat'l Envtl. Waste Corp., 129 F.3d at 1055. In Fjelsted, we approved additional factors for consideration in assessing the equities:

1. Number of [bankruptcy] filings;

2. Whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors;

3. A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser;

4. The [d]ebtor's overall good faith (totality of circumstances test)(citation omitted);

5. Whether creditors knew of the stay but nonetheless took action, thus compounding the problem;

6. Whether the debtor has complied, and is otherwise complying,

-16-

with the Bankruptcy Code and Rules;

7. The relative ease of restoring the parties to the status quo ante;

8. The costs of annulment to debtors and creditors;

9. How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct;

10. Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief;

11. Whether annulment of the stay will cause irreparable injury to the debtor; and

12. Whether stay relief will promote judicial economy or other efficiencies.

293 B.R. at 25. These factors merely present a framework for analysis and "[i]n any given case, one factor may so outweigh the others as to be dispositive." Id.

The record supports the bankruptcy court's decision to grant the Stay Relief Motion on the alternate basis that cause existed to annul the stay. The court identified only one factor as justifying annulment of the stay: the postpetition transfer of a fractionalized interest in the Property to Cruz on the day of the sale. In other words, Cruz had engaged in unreasonable or inequitable conduct, or the court certainly questioned his overall good faith, which satisfies factor four. The court's additional findings under § 362(d)(4) also support annulment. In particular, Cruz was found to have filed his case in bad faith as part of a scheme to delay, hinder and defraud creditors. This finding satisfies factor four. Cruz denies that he filed his case in bad faith and contends the bankruptcy court erred by not considering all of the facts. We disagree. Our review of the record shows the court considered all of the facts. Further, Cruz's skeletal

filing, his failure to file all necessary bankruptcy documents resulting in dismissal of his case and his failure to list the Property on his Schedule A or to amend it after obtaining his interest satisfies factor six.

In addition, the record reflects that SS Trust was unaware of the stay at the time of the sale, which satisfies factor five. Cruz disputes this. It is highly unlikely that SS Trust, a third-party purchaser, was on notice of Cruz's bankruptcy case when he faxed his Notice of Bankruptcy Filing to the lender and recorded the Cruz Deed just minutes before the sale. Moreover, SS Trust presented uncontroverted evidence that it was not aware of Cruz's bankruptcy filing. Once SS Trust learned of Cruz's bankruptcy, it did not take any further steps which could violate the automatic stay and it promptly moved for relief, which satisfies factors nine and ten.

We conclude the bankruptcy court did not abuse its discretion in finding that cause existed for retroactive annulment of the stay to validate the foreclosure sale.

**B.    The bankruptcy court did not abuse its discretion in denying the Motion to Reconsider.**

Cruz did not present any argument in his opening brief as to how the bankruptcy court abused its discretion by denying the Motion to Reconsider the Stay Relief Order. However, he attempted to do so in his reply brief. Generally, we will not consider arguments raised for the first time in the reply. Sec. Pac. Nat'l Bank v. Kirkland (In re Kirkland), 915 F.2d 1236, 1241 n.7 (9th Cir. 1990). But, considering Cruz's pro se status, which dictates that we must construe his briefs liberally, and that SS Trust has

-18-

fully briefed this issue, we will consider his argument.

Cruz first argues the bankruptcy court erred by not granting the Motion to Reconsider under Civil Rule 60(b)(2) based on his newly discovered evidence of the lender's demurrer filed in the state court action, in which the lender stated the sale had not yet occurred. Civil Rule 60(b)(2) provides relief from a judgment or order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Civil] Rule 59(b)." In general, the evidence must have existed at the time the judgment or order was entered. See Fantasyland Video, Inc. v. Cnty. of San Diego, 505 F.3d 996, 1005 (9th Cir. 2007); Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990)(relief under Civil Rule 60(b)(2) requires that the evidence: (1) existed at the time of the trial; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case). In other words, the evidence must be "newly discovered" by the movant rather than simply "new."

In reviewing the transcript from the reconsideration hearing, the bankruptcy court made incorrect statements about the record. The demurrer, filed on September 9, 2013, came before the hearing on the Stay Relief Motion, which was held on September 10, 2013, and before the Stay Relief Order entered on September 25, 2013. Thus, it could have been "newly discovered" evidence; it existed at the time of trial, could not have been discovered through due diligence because it was filed just one day before the stay relief hearing, and it was potentially of such magnitude that production of it earlier could have undermined SS Trust's standing to seek

-19-

relief from stay. Nonetheless, the court's error here was harmless. Cruz admitted the sale had occurred on July 15, 2013, rightfully or wrongfully, and that SS Trust was the buyer. Thus, his own admission negates any potential relevance the lender's statement about the sale could have had. Further, we know now that the sale did occur on July 15, 2013, as evidenced by the now-recorded trustee's deed, which Cruz submitted to the Panel.

Cruz also appears to argue the bankruptcy court erred by not granting the Motion to Reconsider under Civil Rule 60(b)(6), but he fails to articulate any argument to support entitlement to such relief. Civil Rule 60(b)(6) provides for relief from a judgment or order based on "any other reason that justifies relief." This rule is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1103 (9th Cir. 2006)(internal quotations omitted). Cruz had to demonstrate both injury and circumstances beyond his control which prevented him from proceeding with the defense of the action in a proper fashion. Id.

The bankruptcy court ruled that relief under Civil Rule 60(b)(6) was not warranted "[g]iven the facts of the case, including post-petition transfer of the Property to Debtor on the eve of bankruptcy filing[.]" Tentative Ruling (Oct. 23, 2013) 10-11. This is incorrect factually. Cruz engaged in a postpetition transfer of the Property, but it was not on the eve of his bankruptcy filing; it occurred after the fact. Nonetheless, the

-20-

record does not support relief for Cruz under Civil Rule 60(b)(6). Cruz did not present any evidence establishing that circumstances beyond his control kept him from defending against the Stay Relief Motion. In fact, he diligently defended against it, filing his opposition, declaration and supporting documents. Although his alleged attorney failed to appear at the hearing, no evidence suggests it would have changed the outcome of the bankruptcy court's ruling had she appeared. Given the facts before the court, which Cruz's attorney would have been limited to, SS Trust established that it was entitled to stay relief.[10]

Accordingly, we conclude the bankruptcy court did not abuse its discretion in denying the Motion to Reconsider.

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM.

---

[10] Although Cruz was also denied relief under Civil Rule 60(b)(1), he did not articulate any argument regarding this issue. In any event, the record reflects the bankruptcy court applied the correct law, and none of its findings appear to be clearly erroneous.