# FILED

DEC 09 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-14-1531-TaKuKi |
| ) | |
| EDWARD P. GUIDRY, ) | Bk. No.   6:14-bk-12490-SY |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| HUDENA JAMES, SR., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| EDWARD P. GUIDRY; UNITED ) | |
| STATES TRUSTEE, ) | |
| ) | |
| Appellees.[**] ) | |
| _____) | |

Submitted Without Oral Argument[***]
on November 19, 2015

Filed – December 9, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Scott H. Yun, Bankruptcy Judge, Presiding

---

[*]  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]  Although the Appellant named these parties as Appellees, neither filed a brief nor otherwise appeared in this appeal.

[***]  After examination of the briefs and record, and after notice, in an order entered September 16, 2015, the Panel unanimously determined that oral argument was not needed for this appeal. See Fed. R. Bankr. P. 8019(b); 9th Cir. BAP Rule 8019-1.

Appearances:    Hudena James, Sr., pro se, on brief.

Before:   TAYLOR, KURTZ, and KIRSCHER, Bankruptcy Judges.

## INTRODUCTION

Hudena James, Sr. appeals from an order finding that he violated § 110(b) and (c)[1] and ordering fee forfeiture under § 110(h)(3)(B) and payment of sanctions under § 110(*l*)(1).  We REVERSE.

## FACTS[2]

Mr. James assisted Edward P. Guidry with his chapter 7 petition.  In compliance with § 110, Mr. James identified himself as a bankruptcy petition preparer on the petition and signed it.  Mr. James received $200 in exchange for his assistance; he properly disclosed this payment to the bankruptcy court.

The debtor's scheduled assets included real property located in Moreno Valley, California (the "Property").  The debtor did not claim an exemption in the Property initially and this became problematic for him; his estranged wife and her mother resided at the Property, and the chapter 7 trustee commenced an effort to sell it.

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2]  We exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case.  See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

The debtor's initial response was an attempt to convert to chapter 13. The chapter 7 trustee opposed this motion, and the debtor filed a reply, without a supporting declaration, stating his intent to withdraw the conversion motion. He later filed amended schedules A and C with the result that he claimed all equity in the Property as exempt.

The debtor's reply also raised a problem involving Mr. James. He stated that he had been "ill-advised by a bankruptcy petition preparer who suggested that I convert my case to Chapter 13." Dkt. No. 32 at 1. He apparently reiterated this statement to the bankruptcy court at the hearing on the conversion motion.[3]

Based on these assertions, the bankruptcy court issued an order to show cause ("OSC") as to why Mr. James should not be ordered to disgorge fees received because he offered legal advice to the debtor and, thus, violated § 110(e). The OSC provided for written response by Mr. James and allowed the United States Trustee to request additional relief or sanctions against Mr. James on his own motion pursuant to § 110(i), (j), or (l). The United States Trustee did not file either a supportive response or its own motion.

Mr. James responded but without a supporting declaration. He asserted generally that he had not offered any legal advice to the debtor and specifically that he had not advised the debtor to convert to chapter 13. He acknowledged that the

---

[3] A transcript of the hearing on the conversion motion is not in the record.

threatened sale of the Property upset the debtor and that the debtor blamed him for the problem. Mr. James stated that he only helped prepare chapter 7 petitions and that if an individual wanted to file under another chapter, he referred those individuals to attorneys for assistance or legal advice "or to the Court Clinic." Dkt. No. 40 at 5.

But Mr. James also stated that he had "helped [the] Debtor prepare the motion to convert his Chapter Debtor's [sic] Chapter 7 to one under Chapter 13 pursuant to 11 U.S.C. § 706" and referred to the docket number for the conversion motion. Id. He did not detail the type of help provided, and he did not state that he charged the debtor for these services. He concluded his response by reiterating that he had "not provided any legal advice to Debtor, ha[d] not made a choice, or advised him to convert to Chapter 13" and by stating that he thereby complied with § 110(e)(2)(B)(i)(II) and that he had "been a bankruptcy petition preparer for many years and [was] well aware of the conduct and practice of a petition preparer." Id. at 6.

At the hearing on the OSC, the bankruptcy court focused on Mr. James' statement in his response, that he helped the debtor prepare the conversion motion. Mr. James responded that the statement was incorrect; his wife had typed up the response, and it should have stated that Mr. James had prepared the chapter 7 petition - not the conversion motion. Mr. James also asserted that he had advised the debtor to see an attorney: "That's what I tell anyone that if I prepare a Chapter 7 and if you want a Chapter 13 done, I tell them to go see an attorney, and I told him to go see an attorney, which he did. He went and saw an

4

attorney downstairs." Hr'g Tr. (Oct. 23, 2014) at 3:16-21. He reiterated in conclusion that his wife had "obviously misunderstood" what she typed up in the OSC response, and that he had only prepared chapter 7 petitions for 34 years, not chapter 13 petitions; he knew his limitations.

The bankruptcy court stated that it found the debtor's statements in the reply to the chapter 7 trustee's opposition and at the hearing on the conversion motion "more credible than [Mr. James'] self-serving statements." Id. at 4:9-12. Further, the bankruptcy court made clear that it did not find Mr. James' claim of mistake in his OSC response credible. It then stated that its main concern was compliance with § 110(b):

> [I]f you assisted in any way with the Debtor's motion to convert from 7 to 13, which the Debtor, one, stated in his pleadings filed with this Court and at the hearing on the motion to convert, he testified that that's what occurred, and in your initial pleading filed with the Court in response to the order to show cause, you acknowledge that that's what happened, which you are trying to retract now at this hearing. . . . If you assisted in the Debtor preparing the motion to convert the case from 7 to 13, that motion did not -- was not signed by you, did not have your address, did not have your Social Security Number as required by Bankruptcy Code Section 110(b), (c).

Id. at 4:18-25; 5:1, 3-7. Based on the debtor's prior statements and the OSC response, the bankruptcy court found that Mr. James helped prepare the conversion motion and, consequently, that he violated § 110(b) and (c) by failing to list his name, address, and social security number on the motion.

The bankruptcy court ordered Mr. James to disgorge the $200 fee he previously received in connection with the petition preparation. And, pursuant to § 110(*l*), it fined Mr. James

$500.

The bankruptcy court subsequently entered an order discharging the OSC. It stated that Mr. James' "representation that he did not assist the Debtor with the motion [was] further refuted by the fact that Mr. James himself signed the proof of service on the motion to convert." Dkt. No. 42 at 2.

Mr. James timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Whether the bankruptcy court erred in finding that Mr. James violated § 110(b) and (c), or abused its discretion in ordering disgorgement of the fee paid to Mr. James and imposing a fine under § 110(l).

## STANDARDS OF REVIEW

We review an order imposing penalties for violation of § 110 for an abuse of discretion. Frankfort Digital Servs., Ltd. v. U.S. Trustee (In re Reynoso), 315 B.R. 544, 550 (9th Cir. BAP 2004), aff'd, 477 F.3d 1117 (9th Cir. 2007). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are clearly erroneous. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011). A factual finding is clearly erroneous if illogical, implausible, or without support in inferences that may be drawn from the facts in the record. Id.

**DISCUSSION**

Section 110 sets forth guidelines for "bankruptcy petition preparers"; a term of art, a bankruptcy petition preparer is a non-attorney (and not an employee of an attorney) "who prepares **for compensation** a document for filing."  11 U.S.C. § 110(a) (emphasis added).

The Code requires that bankruptcy petition preparers take steps sufficient to identify their involvement in a case.  They must sign documents, print their name and address on the document, and include after their signature "an identifying number that identifies individuals who prepared the document."  Id. § 110(b)(1), (c)(1).  The identifying number is the bankruptcy petition preparer's social security number.  Id. § 110(c)(2)(A).  A bankruptcy petition preparer is expressly prohibited from offering a debtor legal advice.  Id. § 110(e). And the bankruptcy petition preparer must disclose all compensation received from a debtor.  Id. § 110 (h)(2).  Failure to comply with the provisions of § 110 may justify sanctions including forfeiture of fees and the imposition of fines.  See id. § 110(h)(3), (I), & (*l*).

Given his pro se status, we liberally construe Mr. James' brief on appeal.  See Cruz v. Stein Strauss Trust # 1361 (In re Cruz), 516 B.R. 594, 604 (9th Cir. BAP 2014).  Distilled, Mr. James argues that the bankruptcy court erred by:

• Denying his request to verbally amend the OSC response;

• Violating his due process rights under the 5th Amendment, based on the lack of opportunity to cross-examine and "confront" the debtor;

7

- Violating Federal Rule of Civil Procedure 43(a), based on its failure to require the debtor's testimony in "open court";

- Admitting the debtor's hearsay statements into evidence;

- Violating his rights to equal protection under the 14th Amendment, based on alleged preferential treatment of another debtor of a different race at the same hearing;[4] and

- Imposing the fine when the United States Trustee did not file a response.

Certain of these arguments are raised for the first time on appeal or are not directly on point in a bankruptcy case. Nonetheless, based on the review appropriate given Mr. James' pro se status and the seriousness of the issues implicated, we conclude that the bankruptcy court did not afford Mr. James with procedural due process. Moreover, in finding that Mr. James violated § 110(b) and (c), the bankruptcy court erred by relying on inadmissible and incomplete evidence.

**Due Process.** The bankruptcy court based the OSC on an alleged violation of § 110(e), that Mr. James offered the debtor legal advice in connection with the conversion motion. The order discharging the OSC, however, was based on Mr. James' alleged violation of § 110(b) and (c) and the bankruptcy court's conclusion that he failed to list his name, address, and social security number on the conversion motion and failed to sign it.

---

[4] Mr. James also includes text relating to judicial recusal. It does not appear, however, that he requests the bankruptcy judge's recusal.

8

The bankruptcy court based its determination on findings that the debtor was credible and Mr. James was not, a partial admission by Mr. James, and the fact that Mr. James signed the proof of service for the conversion motion.

We see problems; in particular, Mr. James was not afforded procedural due process in two areas. First, the OSC only identified § 110(e) as the basis for potential violation and sanction. There was no reservation as to alternate grounds, theories, or sanctions. Thus, Mr. James, a pro se litigant, was confronted at the OSC hearing with a total change in the basis for his alleged misconduct. Due process required more.

Second, Mr. James was not provided with the opportunity to cross-examine the debtor. Thus, even if the bankruptcy court's determinations under § 110(b), (c), and (l) were harmless error, a determination we do not make, the inability to cross-examine the debtor on a disputed and material issue of fact was not. This is particularly problematic given that Mr. James was not even present at the conversion motion hearing where the debtor apparently reiterated the statement on which the bankruptcy court relied.

**Evidence.** The due process violations in turn lead to other issues on this record.

First, the bankruptcy court lacked essential evidence on a critical point. There is no question that Mr. James is a petition preparer by profession. And there is no question that Mr. James acted as a petition preparer, within the meaning of § 110(a)(1), in connection with the debtor's case initiation filings. Mr. James properly disclosed this involvement and that

9

he received $200 for this assistance. But there is no evidence in the record that Mr. James took any fee beyond the $200 or that his agreement with the debtor in relation to receipt of the $200 required services beyond those related to the petition and related case initiation documents.

The bankruptcy court noted that if Mr. James gave advice or assistance in connection with the conversion motion he was engaged in the unauthorized practice of law. That may be true. If Mr. James did not charge a fee for these services, however, he was not a petition preparer in connection with the conversion motion within the meaning of § 110, and he was not subject to sanction under that Code section.

Second, the bankruptcy court relied on statements that were not evidence to determine facts and to assess credibility. Key to the OSC and the bankruptcy court's finding that Mr. James violated § 110 was the debtor's statement that Mr. James suggested that he convert to chapter 13. The debtor's statement, however, was not in a declaration under penalty of perjury. See 28 U.S.C. § 1746. And, we assume that the debtor was not sworn under oath to testify at the conversion motion hearing. Thus, the debtor's statement was just that - a statement, not testimonial evidence.

We also question the bankruptcy court's credibility findings. We acknowledge that Mr. James, similarly, did not attach a declaration to the OSC response; nor was he sworn in to testify at the OSC hearing. Thus, there was no evidence on the issue of what Mr. James said in connection with the conversion motion. Nonetheless, the bankruptcy court relied on the

10

debtor's non-evidentiary statement in assessing Mr. James' credibility. This, again, was error and coupled with the due process violations and other evidentiary issues already discussed, it was not harmless.

**Other issues**. Facts often shift during an order to show cause proceeding. In such a case, the bankruptcy court is not required to issue a new order to show cause, but must make sure that it affords due process to the contemnor prior to sanction. The bankruptcy court here should have provided Mr. James with a meaningful opportunity to address the issues it ultimately decided - which were not the issue noticed in the OSC.

Further, where material evidentiary disputes arise, the bankruptcy court must provide an appropriate opportunity for an evidentiary hearing. Such a hearing should allow the alleged contemnor to cross examine the party alleging misconduct, if applicable. The need for an evidentiary hearing here is underscored by the bankruptcy court's additional finding in the order discharging OSC, that Mr. James signed the proof of service for the conversion motion. Mr. James asserted in his OSC response that he was President of James and Associates, a paralegal services firm. It is not beyond the realm of possibility that Mr. James served the conversion motion but was not involved in preparing the motion itself. Paralegal services include serving motions and other legal documents and, thus, filling out and signing a proof of service. Section 110 does not appear to extend to a proof of service; the document is proof in and of itself.

Given our determination, except for two brief points, we

need not and do not address Mr. James' remaining arguments. First, a bankruptcy proceeding is never criminal in nature; contrary to Mr. James' argument, it is not even quasi-criminal. Thus, the confrontation clause of the 6th Amendment is inapplicable. Second, a bankruptcy court may impose a fine under § 110(*l*) that is payable to the United States Trustee, even if the trustee does not move for an order imposing the fine.

**CONCLUSION**

Based on the foregoing, we REVERSE.