**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.    CC-16-1142-TaLN |
| ) | |
| MARY L. BECKNER, ) | Bk. No.    16-bk- 10252-MB |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| MARY L. BECKNER, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| ELIZABETH F. ROJAS, ) | |
| Chapter 13 Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted Without Oral Argument[**]
on January 19, 2017

Filed – February 2, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Martin R. Barash, Bankruptcy Judge, Presiding

Appearances:    Mary L. Beckner, pro se, on brief.

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]   The Panel unanimously determined that the appeal was suitable for submission without oral argument.  Rule 8019(b)(3).

Before:  TAYLOR, LAFFERTY, and NOVACK,[***] Bankruptcy Judges.

## INTRODUCTION

Debtor Mary L. Beckner appeals from an order dismissing her chapter 13 case; we AFFIRM.

## FACTS[1]

**The initial bankruptcy proceedings**.  Debtor filed a voluntary chapter 13[2] petition on January 27, 2016.  She listed two pieces of real property on Schedule A/B; she did not schedule any secured creditors.  Instead, she provided an attachment to Schedule A/B and listed various deposit accounts, security deposits, and amounts allegedly owed to her.  First, she asserted that she "made 60 monthly 'payments' into financial accounts" and thought she was "re-paying a loan of money." Second, she stated that she "owns a negotiable instrument" that "was to be held as a security deposit" if a company "was not re-paid for a loan . . . that it represented that it would give to Debtor. . . . Debtor was never paid after issuing the note, therefore its value is still owed to Debtor."  (Emphasis omitted.)  Last, she alleged that she submitted a loan

---

[***]  The Hon. Charles Novack, United States Bankruptcy Judge for the Northern District of California, sitting by designation.

[1]  We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and a related adversary proceeding.  See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[2]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure.

2

application but the company then created a "one-sided debt with nothing in exchange . . . ." (Emphasis omitted.)

Debtor's initial chapter 13 plan shed no light on the identity of her secured creditors and the amount of their claims. Instead, she wrote on page 3:

CHAPTE[R] 13 PLAN
1. Establish by validation, verification and standing the true creditors.
2. Establish my true standing as creditor or debtor.

And on page 8, she wrote: "All above subject to clarification and determination as to true creditor or debtor status."

Chapter 13 Trustee Elizabeth Rojas objected to confirmation for a variety of reasons that included: (1) Debtor's failure to provide the Trustee with all tax returns and other documents required by the Rules and local bankruptcy rules; (2) questions raised by Debtor's failure to properly complete her schedules and other forms; and (3) the need for an amended plan that, among other things, provided for a plan payment. In response, Debtor filed "answers." As relevant here, she explained why documents were not provided, asserted she filled the forms out properly, and explained that she did not need to amend the plan because no creditors had filed a proof of claim.[3]

**The first confirmation hearing and its aftermath.** The bankruptcy court held an initial confirmation hearing. Although Debtor failed to provide a transcript for this hearing, we deduce, from comments at the later hearing, that the bankruptcy

---

[3] In her papers, Debtor refers to Official Form 410 (B410), which is more colloquially referred to as the proof of claim form.

3

court denied confirmation, encouraged Debtor to consult an attorney, and continued the hearing.

Debtor then filed a "Chapter 13 Plan for Form 3015-1.02." It read:

> 1. Trustee will identify each Creditor that has signed a Form B410.
> 2. Trustee will then promptly notify alleged debtor with a signed document.
> 3. Petitioner will pay $50.00 per month to each alleged creditor that Trustee designates.
> 4. If no creditors appear then move the Court to force the proof of claim of those that damaged me.
>      -OR-
> 5. File an Adversary Complaint to force the proof of claim of unlawful intervenors.

Debtor also filed an adversary proceeding asserting claims against a number of parties. She chiefly alleged that the defendants failed to: validate their debts under the Fair Debt Collection Practices Act; attend the § 341(a) meeting; file proofs of claims; or abide by the automatic stay.

**The second confirmation hearing and case dismissal**. The bankruptcy court held a second confirmation hearing; Debtor and the Trustee appeared. The Trustee provided a case status update and represented that: (1) over three months into the case, the Debtor had tendered only $100 in plan payments (likely because the plan still required none); (2) problems discussed at the last hearing persisted; (3) Debtor still had not filed a document that qualified as a chapter 13 plan; and (4) Debtor still had not provided various documents required by the local rules. The bankruptcy court then addressed Debtor and noted, among other things, that she had not filed a document that constituted a plan. Debtor then responded by emphasizing that no creditors had filed a claim, questioning her status as a

4

debtor, requesting a ruling on the adversary complaint, and otherwise making arguments that failed to address the concerns raised by the bankruptcy court. The bankruptcy court then ruled from the bench:

> The plan that's been filed does not comply with the Bankruptcy Code. It's patently unconfirmable as a Chapter 13 plan. Further, everything that's gone on today in terms of the failure to file a confirmable plan and to comply with the Local Rules applicable to a Chapter 13 [and to] provid[e] . . . the required information to the Trustee, I don't see this case as having any realistic prospect of having a confirmed plan. So I'm going to deny confirmation of your plan and I'm going to dismiss this case.

Hr'g Tr. (May 5, 2016) at 10:5-14. After further discussion with Debtor, the bankruptcy court explained:

> The purpose of a Chapter 13 plan – 13 case is to confirm a Chapter 13 plan that complies with the requirements of the Bankruptcy Code. Yours did not. Yours did not last time either. I gave you a second chance and encouraged you to get legal advice. And what we got . . . was patently unconfirmable. And so I'm denying confirmation and I'm dismissing the case and that's my ruling.

Id. at 11:8-16.

The next day, the bankruptcy court entered an order dismissing the case. Debtor timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court abused its discretion in dismissing the chapter 13 case under § 1307(c).

5

**STANDARD OF REVIEW**

We review the bankruptcy court's dismissal of the chapter 13 case for an abuse of discretion. <u>Schlegel v. Billingslea (In re Schlegel)</u>, 526 B.R. 333, 338 (9th Cir. BAP 2015). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. <u>See</u> <u>TrafficSchool.com, Inc. v. Edriver Inc.</u>, 653 F.3d 820, 832 (9th Cir. 2011) (citing <u>United States v. Hinkson</u>, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

**DISCUSSION**

Section 1307(c) sets forth a nonexclusive list of factors that constitute "cause" for conversion or dismissal. <u>See</u> 11 U.S.C. § 1307(c); <u>In re Schlegel</u>, 526 B.R. at 339. "A debtor's unjustified failure to expeditiously accomplish any task required either to propose or confirm a chapter 13 plan may constitute cause for dismissal under § 1307(c)(1)." <u>de la Salle v. U.S. Bank, N.A. (In re de la Salle)</u>, 461 B.R. 593 (9th Cir. BAP 2011) (quoting <u>Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth)</u>, 455 B.R. 904, 915 (9th Cir. BAP 2011)). Whether dismissal is appropriate is committed to the sole discretion of the bankruptcy court. <u>In re Schlegel</u>, 526 B.R. at 339.

Here, the bankruptcy court dismissed Debtor's case because the proposed chapter 13 plan, even on Debtor's second attempt, was "patently unconfirmable" and because Debtor failed to provide the Trustee information as required by the local

6

bankruptcy rules.

On appeal, Debtor never directly addresses the bankruptcy court's basis for denying plan confirmation and dismissing her case. Instead, she asserts that the bankruptcy court erred by not entering default against creditors that failed to file proofs of claims or attend the § 341(a) hearing and not enforcing the automatic stay. More specifically, Debtor argues that the bankruptcy court "erred by concluding that any appellee is a party-in-interest with standing to bring a proof of claim"; and that the bankruptcy court "lacked jurisdiction because appellee failed to establish it has standing to file a proof of claim." She asks the panel to reverse the bankruptcy court and "find that Appellees have not complied with the law and do not have standing as Creditors to sue or act as true Creditors in Fact."

Given her pro se status, we liberally construe Debtor's appellate brief. See Cruz v. Stein Strauss Trust # 1361 (In re Cruz), 516 B.R. 594, 604 (9th Cir. BAP 2014). Nevertheless, as Debtor fails to specifically and distinctly address the only issue on appeal, we may summarily affirm the bankruptcy court on that basis alone. See Padgett v. Wright, 587 F.3d 983, 986 n.2 (9th Cir. 2009) (per curiam) (appellate court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief"). Further, Debtor's belief that her chapter 13 case filing compelled her creditors (alleged or actual) to attend her § 341(a) meeting of creditors and to file proofs of claim is mistaken. If a creditor does not attend the § 341(a)

7

meeting, then it only loses the ability to ask a debtor questions at that specific meeting.

She also erroneously supposes that she can use a chapter 13 plan to compel her secured creditors to provide evidence of their standing. A secured creditor is not required to file a proof of claim; if it fails to do so, the only consequence is the loss of the right to receive payments under a plan. In re Schlegel, 526 B.R. at 342 ("Secured creditors in a chapter 13 case may, but are not required to, file a proof of claim. Such creditors may choose not to participate in the bankruptcy case and look to their liens for satisfaction of the debt." (citation omitted)).

On appeal, Debtor appears in the main to focus on issues related to her adversary proceeding. To the extent Debtor disputes the bankruptcy court's handling of that adversary proceeding, however, this appeal of the bankruptcy case dismissal order offers her no avenue for relief.

In sum, Debtor does not argue that the bankruptcy court erred in dismissing her chapter 13 case based on her failure to appropriately propose a plan and to provide required documents; instead, she objects to the bankruptcy court's failure to facilitate her use of her bankruptcy proceeding to litigate with her creditors. Accordingly, we conclude that the bankruptcy court did not abuse its discretion by denying plan confirmation and dismissing the chapter 13 case.

**CONCLUSION**

Based on the foregoing, we AFFIRM.

8